## OPINION OF THE JUDGES.

No. A-1172.   Opinion Filed May 29, 1911.

HOMICIDE—Plea of Guilty—Punishment—Validity of Statute. The statute providing (sec. 2275, Snyder's Stat.) that upon a plea of guilty of murder the court shall determine whether the defendant shall be punished by death or by imprisonment for life at hard labor is constitutional and valid, and where a defendant who has been informed against for a capital crime in a court of competent jurisdiction pleads guilty, such court is authorized to pronounce judgment and sentence against such defendant according to law. In such a case there is no issue to be submitted to a jury.

(Syllabus by the Court.)

John Henry Prather, and Bud Johnson, James Holmes, Charlie Posey and Elijah Turner, were jointly informed against by the county attorney of Oklahoma county for the crime of murder alleged to have been committed on the 9th day of March, 1911, by shooting one W. H. Archie, with the premeditated design to effect the death of him the said W. H. Archie, and of which mortal wound so inflicted the said W. H. Archie did then and there die.

Said information was presented and filed in the district court of Oklahoma county, on March 16, 1911.

The defendant, John Henry Prather, was arraigned in open court on March 17, and it being made to appear to the court that said defendant was unable to employ counsel, the court appointed William Harrison, an attorney, to defend him, and allowed time to plead.

On March 22, the defendant John Henry Prather entered his plea of guilty. April 24, 1911, was fixed by the court as the time for pronouncing judgment and sentence upon said defendant.

On April 24, 1911, the court, upon considering said plea of guilty entered by the defendant John Henry Prather, pronounced its judgment and sentence as follows:

"It is therefore ordered, adjudged, and decreed by the court that the said John Henry Prather be executed by being hanged by the neck until he is dead, and that such execution shall take place on Wednesday, the 21st day of June, 1911, between the hours of 10 a. m. and 2 p. m. of said day, within the walls of the county jail, or within the jail-yard of the county jail of Oklahoma county, Oklahoma, or some other private and convenient place within the said county and state, and that he be and is now remanded to the custody of the sheriff of Oklahoma county, state of Oklahoma, to be by him closely confined within the walls of the county jail of Oklahoma county, Oklahoma, until the day of execution, when and where he is to remove him for the purpose of carrying out the full judgment of this court, and that the clerk of the district court in and for Oklahoma county, Oklahoma, issue a warrant directing the full execution of the judgment and sentence in this behalf, against the said defendant John Henry Prather, and the said sheriff of Oklahoma county, Oklahoma, is directed and required to execute said warrant with dispatch and in the manner and form required by law, and see to it that the said defendant John Henry Prather at the time and place aforesaid is so hanged by the neck until he is dead. And that the clerk of said court and the said sheriff of Oklahoma county, Oklahoma, issue and give all due and proper notice.

"Whereupon the court notifies the defendant John Henry Prather of his right of appeal.

"W. R. TAYLOR, Judge."

Upon a judgment and sentence of death the provisions of the statute require (sec. 6927, Snyder's Stat.) :

"The judge of the court at which a conviction requiring a judgment of death is had, must immediately after the conviction, transmit to the Governor, by mail or otherwise, a statement of the conviction and judgment, and of the testimony given at the trial."

Sec. 6928, Snyder's Stat.:

"The Governor may thereupon require the opinion of the judges of the Criminal Court of Appeals, or any of them, upon the statement so furnished."

In accordance with the requirement of the statute, the clerk of the district court made a certified statement of the conviction and judgment, and the presiding judge of the court, Hon. W. R. Taylor, transmitted the same to the Governor.

On May 24, 1911, the Governor presented for the consideration of this court the transcript of the record, requesting the opinion of the judges of this court as required by the statute. To this inquiry the following reply was returned:

OPINION OF THE JUDGES:

To his Excellency, Lee Cruce,

    Governor of Oklahoma.

The judges of the Criminal Court of Appeals responding to your official communication of the 24th inst., which presents for the consideration of the judges of the court a certified copy of the record of the conviction of John Henry Prather, who was on April 24, 1911, by the judgment of the district court of Oklahoma county, sentenced to death upon his plea of guilty of murder, which judgment and sentence is that such execution shall take place on Wednesday, the 21st day of June, 1911, with the request that we give an opinion thereon as prescribed by sec. 6928, Snyder's Stat., we hereby respectfully submit the following opinion of the judges:

From an examination of the records of this court we find that no appeal has been taken in said cause. As we view the law, this provision of the statute (sec. 6928, Snyder's Stat.) con-

templates an advisory opinion of the judges where an appeal has not been taken from a judgment and sentence of death.

"The proposition then presented would be, has there been an observance of all the formalities of the law essential to the taking of human life? Or has the trial, conviction, and sentence of death been in accordance with the law of the land?" (*Opinion of the Judges*, 3 Okla. Cr. 315.)

Upon a careful examination of the record we find that the information sufficiently and correctly charges the crime of murder. The defendant had the benefit of counsel, and the record shows that said defendant made a voluntary written confession which details the facts of the murder of W. H. Archie, as charged in the information, wherein defendant states that after he and his codefendants robbed said Archie, he, the defendant, with a forty-four caliber revolver, shot him.

The record further shows that this defendant being called as a witness on the trial of his codefendants, and being first duly sworn, testified that he held the revolver in his hand when it was discharged. On cross-examination he stated that he had been convicted of a felony and served a term of imprisonment in the penitentiary.

Without considering this defendant's admissions and confessions of guilt, his testimony as a witness is alone conclusive of his guilt of the crime charged.

Sec. 2275, Snyder's Stat., provides:

"Every person convicted of murder shall suffer death, or imprisonment at hard labor in the state penitentiary for life, at the discretion of the jury. Upon trial of an indictment (or information) for murder, the jury, if they find the defendant guilty, must designate in their verdict whether he shall be punished by death or imprisonment for life at hard labor, and the judgment of the court shall be in accordance therewith. But upon a plea of guilty the court shall determine the same."

The sole question presented for our consideration is whether, according to a proper judicial construction, the concluding clause of the above section authorized the district court to pronounce and enter a judgment of death upon the defendant's plea of guilty,

or whether, on the contrary, it is necessary under the statute to submit the question whether he shall be punished by death or imprisonment for life at hard labor to the discretion of a jury.

There is no reason why this provision of the statute is not constitutional and valid. A conviction of crime may be had in three ways; either by the verdict of a jury, or by findings of fact by the judge where a jury is waived (sec. 20, art. vii, Const.), or by a plea of guilty. Where a defendant who is indicted or informed against for a capital crime in a court of competent jurisdiction pleads guilty, the court is authorized to pronounce judgment and sentence against such defendant according to law. The authority thus granted is not in any degree affected or controlled by the previous provisions contained in said section 2275, Snyder's Statutes, that:

"Every person convicted of murder shall suffer death, or imprisonment at hard labor in the state penitentiary for life, at the discretion of the jury."

And that:

"Upon trial of an indictment for murder, the jury, if they find the defendant guilty, must designate in their verdict whether he shall be punished by death or imprisonment for life at hard labor, and the judgment of the court shall be in accordance therewith."

The foregoing provisions apply only to cases where there is a trial upon an indictment or information for murder on a general plea of not guilty.

It is evident that the foregoing provisions of our criminal code were not designed to abrogate the well-established rule of the common law, by which a party indicted for an offense, however grave its nature, may enter a plea of guilty thereto, if he sees fit so to do. In such cases there is no issue to be submitted to a jury on which a verdict can be founded. All that the court is required to do is to render judgment and pass the sentence of the law affixed to the crime.

The record shows that the defendant John Henry Prather is guilty of a wanton and deliberate murder. It would seem that never was a murderer more guilty. All good citizens must ac-

knowledge the justice of the penalty of the law in such a case.

We are of opinion that the defendant John Henry Prather has been adjudged to suffer the just penalty of the law in the manner prescribed by law, and upon his trial the formalities of law essential to the taking of human life have been fully observed.

Very respectfully,

THE·CRIMINAL COURT OF APPEALS.

Opinion by DOYLE, J.; FURMAN, P. J., and ARM-STRONG, J., concur.