### In re OPINION OF THE JUDGES.

No. A-3976.—Opinion Filed May 4, 1921.

(197 Pac. 546.)

(Syllabus.)

**JURY—Capital Crimes—Plea of Guilty—Assessment of Punishment by Court.** The statute providing (section 2319, Rev. Laws 1910) that upon a plea of guilty of murder the court shall determine whether the defendant shall be punished by death or by imprisonment for life at hard labor is constitutional and valid, and where a defendant who has been informed against for a capital crime in a court of competent jurisdiction pleads guilty, such court is authorized to pronounce judgment and sentence against such defendant according to law. In such a case there is no issue to be submitted to a jury.

Opinion of the Judges, rendered in response to the request of the Governor as to conviction and death sentence of William Tait.

Hon. J. B. A. Robertson, Governor of the State of Oklahoma
   —Sir:

The Judges of the Criminal Court of Appeals respond-

Goben, drove the car to a creek, and he told his codefendant, ing to your official communication, as Governor of Oklahoma, to this court, which presents for consideration of the Judges of the court the record of conviction of William Tait, who was, on April 14, 1921, by the judgment of the district court of Comanche county, sentenced to suffer death by electrocution, and fixing June 14, 1921, as the date of execution, with the request that we give an opinion thereon, as provided by section 5969, Rev. Laws, we would hereby respectfully submit the following opinion of the Judges:

The Code of Criminal Procedure of the state of Oklahoma provides that:

"The judge of a court at which a conviction requiring a judgment of death is had, must, immediately after the conviction, transmit to the Governor, by mail or otherwise, a statement of the conviction and judgment, and of the testimony given at the trial." Section 5968, Rev. Laws.

And that:

"The Governor may thereupon require the opinion of the Judges of the Criminal Court of Appeals, or any of them, upon the statement so furnished." Sec. 5969, Rev. Laws.

C. W. Simpson, court clerk of Comanche county, duly certified a copy of the information and the judgment and sentence, and a written confession subscribed and sworn to by the defendant on March 31, 1921; also a transcript of the testimony of the defendant William Tait, as a witness for his codefendant, C. W. Goben, upon the trial of said codefendant. In accordance with the requirement of section 5968, Rev. Laws, Hon. A. S. Wells, judge of the district court of Comanche county, transmitted the same to the Governor.

The record so transmitted shows that on April 12, 1921, Fletcher S. Riley, county attorney of Comanche county, filed an information in the district court of said county, jointly charging William Tait and C. W. Goben with the murder of one Russell Sprague, alleged to have been committed in said county on the 25th day of March, 1921; that on the 12th day of April, 1921, the defendant William Tait, present in person and by his attorney, in open court, was duly arraigned upon the charge of murder, and said information was by the court clerk read to the said defendant William Tait. Thereupon the defendant William Tait in open court entered a plea of guilty of the crime of murder as charged in said information. Thereupon the court fixed the 14th day of April, 1921, as the time at which judgment should be pronounced upon his plea of guilty, at which time the court pronounced judgment and sentenced the defendant William Tait to suffer death by electrocution within the walls of the penitentiary at McAlester, on the 14th day of June, 1921.

In his written confession, subscribed to and verified by his oath on the 31st day of March, 1921, he admits that he fired the fatal shot, and that the murder was committed in the perpetration of a robbery. The transcript of testimony submitted shows that the defendant William Tait, called as witness on the trial of his codefendant, C. W. Goben, and being duly sworn, testified that, at a farm about 11 miles east of Lawton, in the presence of his codefendant, C. W. Goben, he hit the deceased, Russell Sprague, on the head with the butt end of a six-shooter; that Sprague fell to the floor, and he took from his person $13 in bills; that he and said codefendant carried deceased from the house and put him in a car, that his codefendant,

"Right here is where we had better put him;" that they took the deceased out of the car and carried him to the river. He was then asked, "What took place?" and answered, "I took the rope off of him, and I shot him through the head and rolled him in this river."

It has been uniformly held by this court that the statute above quoted contemplates an advisory opinion where an appeal has not been taken in a capital case, and where the death penalty has been assessed.

The questions presented are, Has there been an observance of all the formalities of law essential to the taking of human life? Or has the trial, conviction, and sentence of death been in accordance with the law of the land? Upon a very careful examination of the record before us we find that the information sufficiently and correctly charges the crime of murder; that the defendant had the benefit of counsel, and, without considering his admissions and confessions of guilt, his testimony as a witness is alone conclusive of his guilt of the crime charged. We further find that all the formalities of law essential to the infliction of the death penalty have been fully observed.

The Penal Code of the state of Oklahoma provides:

"Any person convicted of murder shall suffer death, or imprisonment at hard labor in the state penitentiary for life, at the discretion of the jury. Upon trial of an indictment for murder, the jury, if they find the defendant guilty, must designate in their verdict whether he shall be punished by death or imprisonment for life at hard labor, and the judgment of the court shall be in accordance therewith. But upon a plea of guilty the court shall determine the same." Section 2319, Rev. Laws.

Under this provision of the statute the question presented for our consideration is whether, according to a proper judicial construction, the concluding clause of the above section authorized the district court to pronounce the judgment and sentence of death upon the defendant's plea of guilty, or whether, on the contrary, it is necessary, under the statute, to submit the question whether he shall be punished by death or imprisonment for life at hard labor to the discretion of a jury.

In a former opinion of this court, *In re Opinion of the Judges,* 6 Okla. Cr. 18, 115 Pac. 1028, construing this provision, it was held:

"The statute providing * * * that upon a plea of guilty of murder the court shall determine whether the defendant shall be punished by death or by imprisonment for life at hard labor is constitutional and valid, and where a defendand who has been informed against for a capital crime in a court of competent jurisdiction pleads guilty, such court is authorized to pronounce judgment and sentence against such defendant according to law. In such a case there is no issue to be submitted to a jury."

In our opinion there is no reason why this provision of the statute is not constitutional and valid. A conviction of crime may be had in three ways; either by the verdict of a jury, or by findings of fact by the judge where the jury is waived (Const. art. 7, § 20), or by a plea of guilty. And where a defendant who is indicted or informed against for a capital crime, in a court of competent jurisdiction, pleads guilty, the court is authorized to pronounce judgment and sentence against such defendant, and in its discretion may impose the extreme penalty of the law. The authority thus granted is not in any degree affected or

controlled by the previous provisions contained in said section 2319, Rev. Laws. The provisions preceding the concluding clause of the section above quoted apply only to cases where there is a trial upon an indictment or information for murder on the issue raised by a plea of not guilty.

It is evident that the foregoing provisions of the section quoted were not designed to abrogate the well-established rule of the common law by which a party indicted for a capital crime may enter a plea of guilty thereto, if he sees fit so to do. In such cases there is no issue to be submitted to a jury on which a verdict may be rendered or the punishment assessed. It is for the court to determine whether the defendant shall be punished by death or imprisonment for life at hard labor.

Upon the record before us we are of opinion that the defendant William Tait has been adjudged to suffer the extreme penalty of the law in the manner prescribed by law, and his conviction and sentence of death has been in accordance with the law of the land.

Opinion by DOYLE, P. J., MATSON and BESSEY, JJ., concurring.