## C. W. GOBEN v. STATE.

No. A-4002.   Opinion Filed Oct. 10, 1921.
Rehearing Denied Nov. 30, 1921.
(201 Pac. 812.)

(Syllabus.)

1.   **Trial—Guaranty of Fair and Impartial Trial.** Every person charged with crime, whether guilty or innocent, is entitled to a fair and impartial trial according to the due and orderly course of the law, and it is a duty resting upon the courts to see that the guaranty of such a trial, conferred by the laws upon every citizen, shall be upheld and sustained.

2.   **Same—Capital Offense—Right to List of State's Witnesses Before Trial.** The Bill of Rights (Const. art. 2, § 20) provides that "in capital cases, at least two days before the case is called for trial, he [the accused] shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their post office addresses." Held, that under this provision of the Constitution the defendant in a capital case does not have to demand a list of the witnesses to be called in chief, because the Constitution makes the demand for him, and the trial court is without authority to force him to trial until this provision has been complied with, unless the defendant has waived this right.

3.   **Same—Right to Reasonable Time to Prepare for Trial.** Under the constitutional guaranty that a person accused of crime shall have the right to the assistance of counsel, counsel appointed to defend the accused must be given a reasonable time within which to prepare for trial, to investigate the facts, and examine the law applicable to the case.

4.   **Same—Denying Continuance in Murder Case Held Abuse of Discretion.** In this case the information was filed, and on the same day defendant was brought from another county, where he had been held in custody from the time of his arrest, and counsel appointed to defend him, then arraigned, a demurrer filed and overruled, and then a plea of not guilty entered. Thereupon the case was called for trial, and defendant filed his affidavit for a continuance, on the ground of want of time to prepare for trial, which was overruled, and on the same day the case proceeded to trial. Held, that the denial of a continuance to another day of the term was manifest abuse of judicial discretion.

Appeal from District Court, Comanche County; A. S. Wells, Judge.

C. W. Goben was convicted of murder, and he appeals. Reversed and remanded for new trial.

Lewis R. Morris, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

DOYLE, P. J.  Plaintiff in error, C. W. Goben, was convicted in the district court of Comanche county of murder, and the death penalty assessed, upon an information charging him and one William Tait with the murder of Russell Sprague in said county on the 25th day of March, 1921.  To reverse the judgment and sentence of death rendered in pursuance of the verdict, an appeal was duly perfected.

One of the grounds of the motion for new trial, and assigned as error, is that the court erred in refusing to grant a continuance.  On the 31st day of March, 1921, said defendants were arrested at Perryton, Tex.; from there they were taken by the sheriff of Comanche county to Oklahoma City and placed in the county jail.  On the 8th day of April, they were taken from Oklahoma City to the town of Fletcher, in Comanche county, for their preliminary examination, and on the same day they were taken back to the county jail at Oklahoma City.  On the 12th day of April, 1921, the information was filed in the district court of Comanche county, and on the same day the defendants were taken to Lawton and arraigned.  The court, being then advised by the defendant Goben that he had not secured counsel and was without means to employ counsel, appointed A. J. Burton, a member of the bar present, to represent him.

The defendant Tait entered a plea of guilty, and the court fixed the 14th day of April as the time at which judgment should be pronounced upon his plea of guilty, at which time the court pronounced judgment and sentenced the defendant

Tait to suffer death by electrocution. See Opinion of the Judges, 18 Okla. Cr. 598, 197 Pac. 546. Upon his arraignment on the 12th day of April, the defendant Goben filed a demurrer to the information, which was overruled and exception allowed. He then entered his plea of not guilty and the case was called for trial. Thereupon the defendant Goben filed a motion for continuance, supported by his affidavit, which was overruled, and the jury was impaneled to try the case, which trial resulted in a verdict as above stated, rendered on the 14th day of April. Motions for new trial and in arrest of judgment were duly filed and overruled. On April 18th the court rendered judgment, and the defendant was sentenced to suffer death by electrocution, appointing June 18, 1921, as the day of execution.

It is contended that the court violated the defendant's rights in compelling him to go to trial without sufficient time for him or his counsel to prepare for his defense. The defendant's affidavit for continuance, duly verified, among others, contained the following statements:

"That he was arrested on the night of the 31st day of March, 1921, at Perryton, Tex., and was taken by the sheriff of Comanche county directly to Oklahoma City, and was never brought to the county seat of Comanche county until brought here by the sheriff of Comanche county on the day set for his trial, namely, April 12, 1921. That he was wholly unable to secure any attorney in Oklahoma City, for the reason that he was not acquainted with any one at that place, and that affiant is informed and believes, and therefore states as a fact, that his wife and parents did not know and could not find out where he was placed by the said sheriff of Comanche county after his arrest, and for that reason they were not able to assist him in securing counsel. That on the 5th day of April, at the efforts of his father at Lawton, affiant secured audience with an attorney. That from that time to the present, to wit, the 12th day of April, 1921, the day for trial, affiant has not

seen nor had any counsel whatever with any attorney, except about 15 minutes on the day of his preliminary at Fletcher, which preliminary was on Friday, the 8th day of April, 1921.

"Affiant further states that the fact of his not being prepared and ready for trial at this time is not due to any fault or neglect on his part, but due to his being unable to see and to consult an attorney, because of his absence out of Comanche county, until the day of trial. Affiant further states that he can get ready for trial by the first day of the next term of this court, and therefore affiant prays for a continuance of this cause of action as relates to himself in order that justice and right may prevail."

In resisting the motion, Fletcher S. Riley, county attorney, as a witness on behalf of the state, testified as follows:

"A. J. Burton, counsel for the defendant, stated to me five or six days ago that he thought he would represent C. W. Goben. I told him I would give him access to his client, and then gave him a letter of introduction, stating that Mr. Burton informed me that he represented C. W. Goben, and that it was my desire that Mr. Burton be permitted to consult with these defendants, C. W. Goben and William Tait, and I advised him to go to the sheriff to ascertain where they were held. Since that time he stated that he had consulted with Goben at Oklahoma City, and Mr. Burton was present at the preliminary at Fletcher."

To the ruling of the court in refusing the continuance the defendant duly excepted, and the trial proceeded, with the result previously indicated.

Every person charged with crime, whether guilty or innocent, is entitled to a fair and impartial trial—that is, a trial in accordance with the rules of law, and the principles of justice; and it is a duty resting upon the courts to see that this guaranty conferred by the Constitution upon every citizen is upheld and sustained. It is evident from the record that the defendant C. W. Goben was not accorded a trial in conformity to the laws of the state.

The Bill of Rights (Const. art. 2, § 20) provides:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. He shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their post office addresses."

The Code of Criminal Procedure provides that:

"If on the arraignment, the defendant require it, he must be allowed until the next day, or such further time may be allowed him as the court may deem reasonable, to answer the indictment or information." Section 5778, Rev. Laws. And that:

"When an indictment or information is called for trial, or at any time previous thereto, the court may, upon sufficient cause shown by either party, as in civil cases, direct the trial to be postponed to another day in the same or next term." Section 5837, Rev. Laws.

The record does not show that this defendant was at any time furnished with a list of witnesses to be called in chief to prove the allegations of the information, together with their post office addresses, or that he was served with a copy of the information, nor does the record show that the defendant waived these constitutional rights. In State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091, it is said:

"That the provision of the Constitution requiring that in capital cases a defendant shall have the right to have at least two days' notice of the list of witnesses to be used in chief against him, together with their post office addresses, confers a valuable right upon a defendant in a capital case cannot be denied. It gives him an additional opportunity to make inquiry as to the character, bias, and antecedents of the witnesses against him, and to learn something of their testimony and thereby better enable him to prepare for trial. He is not required by law to announce ready for trial in a capital case, and it would be error to force him into trial if he makes seasonable objection, unless he has had this notice and this opportunity to make these investigations, and even after the two days have expired, if he can show that as the result of such notice, and as a result of such investigation, he has made discoveries as to matters not previously known to him, which will require him to make additional preparation for trial, upon such a showing under oath the court, in its discretion, may grant him a further postponement or continuance in order that such preparation may be made. It is the duty of the courts to protect a defendant in a capital case in the full enjoyment of this right. This is the substance and essence of the right conferred by the constitutional provision under discussion."

In Spess v. State, 13 Okla. Cr. 277, 164 Pac. 131, it is said:

"Regardless of our feelings in the matter, or any resentment we might have against the atrocious crime charged against the plaintiff in error, the violation of a plain, simple, and unambiguous demand of the Constitution must not be tolerated by the courts, and responsibility in such cases must rest upon the tribunal in which it is practiced or attempted. * * * Under the last provision of this section of the Constitution, the accused in capital cases does not have to demand a list of the witnesses, together with their post office addresses, but the Constitution makes that demand for him; and, unless he waives it, he cannot be legally put upon trial until that demand has been complied with. Ordinarily, in applications

for continuance, the court may exercise a sound judicial discretion; but it would be absurd to say that this discretion could go to the extent of nullifying a plain, simple, unambiguous demand of the fundamental law of the state, made exclusively for the benefit of the accused. The court in the case at bar had no more authority to force the plaintiff in error to trial until he had waived this demand of the Constitution, or it had been complied with, than he would have had to force him to trial without an information or a jury. For both of these rights rest upon the same authority and are guaranteed to the accused in the same section of the Constitution; and no one can nullify them, and the accused alone can waive them.''

While the affidavit for continuance does not particularly state these grounds, it cannot be said that the defendant thereby waived any right guaranteed by the Constitution. This court has repeatedly held that with respect to exceptions the court will look at the substance, rather than the form, with a view to promote justice.

The granting or refusal of an application for continuance on the ground of want of time for the defendant's counsel to prepare for trial is ordinarily discretionary with the trial court. However, the discretion which the trial court exercises must be judicial, not arbitrary, and must be exercised in conformity with the laws of the state.

The right of the accused to the assistance of counsel in making his defense has long been regarded in this country as essential to the due administration of justice in criminal cases. Says Mr. Cooley:

''With us it is a universal principle of constitutional law that the prisoner shall be allowed a defense by counsel.'' Const. Lim. 334.

In order that the accused may have the full benefit of this constitutional right, the Code of Criminal Procedure provides:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him." Section 5773, Rev. Laws.

The constitutional right of representation by counsel certainly includes a reasonable time within which to prepare for trial. In the case of Lawson v. Territory, 8 Okla. 1, 56 Pac. 698, it is said:

"One accused of crime has the right to have the aid of counsel to defend him, and the constitutional guaranty that he shall have the right to the assistance of counsel means that he shall have the benefit of the best skill and thought that his counsel can give him; and an attorney cannot, under the most favorable circumstances, properly defend one charged with murder, without having a reasonable time to prepare his case for trial. We are of the opinion that the trial court, in compelling the defendant to go to trial the next day after the indictment was returned, and immediately upon the overruling of the demurrer, exceeded its discretionary power. The defendant should have been granted further time."

In Hensley v. Comm. (Ky.) 74 S. W. 677, the conviction for murder was reversed because the court refused to grant a continuance and forced the defendant into a trial on the day the indictment was found. In State v. Collins, 104 La. 629, 29 South. 180, 81 Am. St. Rep. 150, four days was held to be too short a time in which to prepare a defense in a murder case. In the opinion it is said:

"This was a capital case. The life of a human being was at stake, and for the time being it was sheltered by the presumption of innocence. Great deliberation—an utter absence of precipitancy—should have characterized every movement of the court leading up to the conviction. 'The law travels with a leaden heel, but strikes with an iron hand,' is a maxim pregnant with obvious meaning. In this instance it doffed the

'leaden heel,' yet struck with the iron hand. It is not unlikely that the previous attempt at lynching, and apprehension felt by the officers of the law of a second attempt being made in case of delay in bringing the accused to trial, may have influenced the situation to his detriment and caused the undue haste complained of. But this cannot be accorded the weight of justifying departure from the rule of calm deliberation. The right 'to have the assistance of counsel' is one conferred by the Constitution itself. Reasonable time to prepare for his defense should have been allowed the counsel, who had, by direction of the court, undertaken its responsibility. Only in this way could their 'assistance' be made effective.''

We have examined all the cases accessible bearing upon this question, and the rule appears to be well settled that, under the constitutional guaranty that the accused shall have the right to the assistance of counsel, counsel appointed to defend the accused in a capital case must be given a reasonable time to prepare for trial, to investigate the facts, and examine the law applicable to the case, and this without being forced to a showing as to witnesses, and what is expected to be proven by them. It may be stated here and in this connection that the failure of counsel appointed to defend to take 24 hours to plead, and to specifically demand that the defendant be accorded these constitutional rights, is strong and convincing proof of the necessity of the rule.

In cases of this kind, where the defendant is to be placed on trial for his life, he should have the advantage of every right which the law secures to him upon his trial. A fair and impartial administration of the laws is one of the most sacred rights of the citizen, and it is the duty of trial courts in the administration of the law to see that the accused, however guilty he may be, shall have a fair trial according to the due and orderly course of the law, and this duty is emphasized in a capital case.

Under the circumstances of this case, as shown by the record, counsel appointed to defend, was not allowed sufficient time to prepare for trial, and the refusal of the court to continue the case, at least to another day in the term, was clearly an abuse of judicial discretion. It follows that forcing the defendant into trial against his objections on the same day that the information was filed and counsel appointed to defend was error prejudicial to the substantial rights of the defendant.

This is sufficient to dispose of the appeal; but, in view of the fact that the case will have to be retried, it is proper for us to notice other rulings that were, some of them, at least, objected to by the defendant, and, if repeated, may be urged as error upon another appeal.

Some objections were made and exceptions taken during the course of the trial to the rulings of the court in the admission of evidence. The testimony of the first witness for the state, who it seems had charge of the detention home in the city of Lawton, we are inclined to think could have no legitimate connection with any issue in the case, and was therefore incompetent.

The witness Moncrief produced a letter, and stated that he found it in the bottom of a trunk containing clothes with the initials "C. W. G." Thereupon the state offered the letter in evidence, and the defendant interposed proper objections, which were overruled, and the letter read to the jury. It appears that this letter was not dated, and was not addressed to this defendant, or any other person; it was not signed, except by the name of "Jack," and is not a statement in writing made by this defendant or his codefendant, and it was not shown that the same was written before or after the commission of the homicide. It follows that the defendant's objections should have been sustained and the letter excluded.

No instructions were asked, and no objections made or exceptions taken to the instructions 'given by the court, which fairly covered the law of the case.

Under the assignment that "the verdict is contrary to law and the evidence," it is urged that there was no proof of venue. The only direct testimony offered by the state to prove venue was that of the witness Walters, who testified that the house occupied by the defendants belonged to his mother; that it was 11 miles east and a quarter north of Lawton, and that he had been told that the house was in Comanche county.

It is true that the courts of this state take judicial notice of the boundaries of the state and of the counties in the state, and also of the geographical location of cities and towns within the state; however, in view of the fact that the case must be retried we deem it only necessary to call attention to the question of venue, so that on another trial the proof of venue may unquestionably be sufficient.

Of course, nothing said in this opinion should be construed as in any way reflecting upon the defendant's guilt or innocence. That is a question for the jury, and is one which we have not at all considered. Upon the record before us, and for the reasons hereinbefore stated, we are clearly of the opinion that the defendant did not have that fair and impartial trial to which he was entitled under the law.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.

MATSON and BESSEY, JJ., concur.