## In re SAM WATKINS.

No. A.-4252.    Opinion Filed March 18, 1922.
(205 Pac. 191.)

Sam Watkins was convicted of murder and sentenced to death by electrocution. On the request of Governor J. B. A. Robertson for an opinion by the Court of Criminal Appeals as to the validity of the conviction, the conviction and sentence held to accord with the law; MATSON, J., delivering the following opinion:

Hon. J. B. A. Robertson, Governor of the State of Oklahoma—Sir: Responding to your official communication presenting for the consideration of the judges of this court the record of the conviction of Sam Watkins on the 13th day of February, 1922, in the district court of Atoka county to suffer death by electrocution for the murder of one Cora Jones, in said county, on or about the 8th day of February, 1922, and fixing May 5, 1922, as the date of execution, the following opinion is respectfully submitted:

Attached to your communication is a duly certified transcript and case-made containing all the proceedings leading up to the conviction and judgment sentencing the said Sam Watkins to death by electrocution, and the same is found to fully comply with the requirements of section 5968, Revised Laws of 1910.

Such record shows that Ira J. Banta, the county attorney, of Atoka county, after defendant had waived preliminary ex-

amination and had been held to answer said charge, filed an information in the district court of said county on the 13th day of February, 1922, charging the said Sam Watkins with the murder of one Cora Jones, alleged to have been committed in said county on or about the 8th day of February, 1922; and on the 13th of February the defendant, Sam Watkins, was present in person in open court, was duly arraigned upon the said charge of murder, was informed of his right to counsel before a plea was accepted, and upon being so informed announced to the court that he did not desire counsel, but desired to plead guilty to the charge, and thereupon in open court entered his plea of guilty to the crime of murder as charged in the information.

Thereupon the court had sworn and heard the testimony of four witnesses for the purpose of determining the punishment to be assessed against the defendant. These witnesses had examined the premises where the homicide took place shortly thereafter and gave detailed descriptions of evidence of a prolonged struggle by the deceased in defense of her life. The deceased had been killed at her residence on a farm, and there were spots of blood discovered in certain parts of the house and in a shed room that was there. The body was found out of doors near the shed. The scalp was practically all gone, and also the left side of the face and a part of the fingers on the left hand, and there was some testimony that hogs had been eating on the body before it was found. The defendant confessed the killing and said that he had gone to the deceased's house and asked her to have sexual intercourse with him, and that deceased "got mad and he hit her; he did not know how many times; that he lost his mind, and when he came to he had killed her." Defendant was given an opportunity to cross-examine these witnesses.

At the conclusion of the testimony the following proceedings were had:

The Court: You may stand up, Mr. Watkins.

Now, Mr. Watkins, you have entered your plea of guilty to this charge, and you understand now that it will be the duty of the court to pass sentence upon you, do you?

Defendant, Sam Watkins: Yes, sir.

The Court: You know what you are doing in entering your plea here, do you?

Defendant, Sam Watkins: Yes, sir.

The Court: Have you anything to say now to the court why the judgment of the court should not be pronounced against you?

Defendant, Sam Watkins: Do how, Judge?

The Court: I say, have you anything that you want to say as to why you should not now be sentenced?

Defendant, Sam Watkins: I just want the mercy of the court to spare me long enough to get forgiveness for what I have done and I am sorry I have done. I would give what I have if I could call it back. I would never do it any more. I am praying to the Lord to forgive me for this; I am doing all I can. I want to do what is right, and I am willing to do, and I ask them to be on the side with me. Nobody knows how I am but myself.

The Court: Are you ready now to be sentenced?

Defendant, Sam Watkins: Yes, sir.

Thereupon the court pronounced judgment upon the plea of guilty and sentenced the defendant, Sam Watkins, to suffer death by electrocution in the state penitentiary at McAlester, Okla., on the 5th day of May, 1922.

The questions presented are: Has there been an observance of all the formality of law essential to the taking of human life? Has the trial, conviction, and sentence of death been in accordance with the law of the land?

A careful examination of the record before us convinces this court that the above questions must be answered in the affirmative. The information sufficiently charges the crime of murder. Upon arraignment the defendant was notified of his right to counsel and informed the court that he did not desire counsel. Defendant was not permitted to enter his plea of guilty to the crime charged until after he had been informed of all his constitutional and statutory rights. It appears that the defendant was fully cognizant of the consequences of that plea before the same was accepted and judgment and sentence pronounced by the trial court. That the trial court, upon a plea of guilty to the crime of murder, is authorized to assess punishment by death, and that said statute is constitutional and valid, is the holding of this court in the following opinions: In re Opinion of the Judges, 6 Okla. Cr. 18, 115 Pac. 1028; In re Opinion of the Judges, 18 Okla. Cr. 598, 197 Pac. 546.

In the latter case, construing the provisions authorizing the trial court to assess the death penalty, on a plea of guilty to murder, it is said:

"It is evident that the foregoing provisions of the section quoted were not designed to abrogate the well-established rule of the common law by which a party indicted for a capital crime may enter a plea of guilty thereto, if he sees fit so to do. In such cases there is no issue to be submitted to a jury on which a verdict may be rendered or the punishment assessed. It is for the court to determine whether the defendant shall be punished by death or imprisonment for life at hard labor."

Procedure followed by the trial judge in hearing the testimony of witnesses as to the enormity of the crime before

assessing the death penalty was proper and to be commended. Section 5954, Rev. Laws 1910.

Upon the record before us we conclude, and it is our opinion, that the defendant, Sam Watkins, has been adjudged to suffer the extreme penalty of the law in the manner prescribed by law, and that his conviction and sentence of death has been in accordance with the law of the land.

DOYLE, P. J., and BESSEY, J., concurring.