### In re OPINION OF THE JUDGES.
### In re JACK POPE.

No. A-4704.    Opinion Filed June 9, 1923.

(215 Pac. 966.)

In the matter of the request of the Governor for an opinion of the Judges of the Criminal Court of Appeals on the conviction and sentence to death of Jack Pope for the crime of murder. Opinion rendered.

Opinion of the judges rendered in response to the Governor on the conviction and sentence to death of Jack Pope. Honorable J. C. Walton, Governor of the State of Oklahoma—Sir:

In response to your official communication of recent date presenting for consideration of the judges of this court the

record of conviction of Jack Pope, who was, on May 10, 1923, by the judgment of the district court of McCurtain county, sentenced to suffer death by electrocution on July 13, 1923, the following opinion is respectfully submitted:

The record transmitted with your letter is a full and complete case-made of all the proceedings leading up to said conviction and shows the following: That on the 4th day of May, 1923, the said Jack Pope was accorded a preliminary examination before F. C. Harkey, a justice of the peace in and for White township, McCurtain county, Okla.; that at the conclusion of said preliminary hearing the defendant was held to answer to the crime of murder to the district court of McCurtain county without bail; that thereafter, and on the said 4th day of May, 1923, the transcript of the proceedings had in said justice court was filed in the district court of McCurtain county, and that thereafter, and on said day, the county attorney of McCurtain county filed in the district court of said county an information charging the said Jack Pope with the murder of Lydia B. Pope on or about the 27th day of April, 1923. An examination of the information thus filed discloses that it sufficiently charges the defendant Jack Pope with the crime of murder. Thereafter on the 5th day of May, 1923, the defendant Jack Pope was duly arraigned in open court; that before arraignment defendant was informed by the court that it was his right to have counsel to represent him; that defendant informed the court that he did not desire counsel to represent him. Thereupon defendant was duly arraigned, said his true name was Jack Pope, and, after being informed by the court that he had 24 hours' time in which to plead, the defendant waived time in which to plead and pleaded guilty to murder as charged in the information, and the court then fixed Wednesday, May 9, 1923, as the time to render judgment and pass sentence on the defendant; that thereafter on the

9th day of May, 1923, the court continued said cause for judgment and sentence to, the 10th, day of May, 1923; that thereafter on the 10th day of May, 1923, the court called said cause for judgment and sentence on, the plea of guilty, the said defendant being present in open court; that before judgment was rendered and sentence pronounced on said plea the trial court heard the testimony of several witnesses, including the confession by the defendant.

It is not necessary to enter into the revolting details of defendant's confession, as you will, no doubt, thoroughly acquaint yourself with the facts and circumstances surrounding this murder. Suffice it to say that the defendant confessed that he planned and assisted in the murder of his wife, Lydia B. Pope, for the purpose of procuring $2,000 insurance on her life, which said insurance was made payable to this defendant as beneficiary. In accomplishing his design defendant solicited and procured the aid of his codefendant, Aaron Harvey whose record of conviction was also submitted by you, and also the aid of his son John Pope.

This murder occurred at a farmhouse near the town of Haworth, at the home of Tom Hansell, where the wife of defendant was living separate and apart from him. Defendant and his codefendant, Aaron (Red) Harvey, did all the shooting, while defendant's son John Pope remained about 250 yards from the house and held their horses while the killing took place. Every person who was sleeping in the house at the time was killed. The persons killed besides Mrs. Lydia B. Pope were Tom Hansell, Mrs. Tom Hansell, Aubrey Hansell, four year old son of Mr. and Mrs. Hansell, and Hubert Pope, infant son of defendant and deceased, Lydia B. Pope.

In giving an advisory opinion to the Governor as provided in section 2786, Compiled Statutes 1921, the questions in-

volved are: Has there been an observance of all the formalities of law essential to the taking of human life? Has the trial, conviction, and sentence of death been in accordance with the law of the land?

The answer to these questions under the record in this case must be in the affirmative. We find that this was a prosecution by information in the district court of McCurtain county; that such a prosecution is authorized by the Constitution and statutes of this state in felony cases after a preliminary examination is had or waived; that in this instance the defendant Jack Pope was accorded a preliminary examination and was regularly held to answer said charge in the district court of McCurtain county; that the transcript of the proceedings of the preliminary examination was filed in said district court before the county attorney filed his information in said court charging this defendant with the crime of murder; that the defendant was thereafter brought into open court and duly arraigned on said charge, and upon said arraignment was notified of his right to counsel, and that in other respects the arraignment conformed to the statutory provisions; that on said arraignment defendant waived the right to counsel, which he had a right to do (Baker v. State, 9 Okla. Cr. 62, 130 Pac. 820), and further waived time in which to plead and voluntarily entered a plea of guilty to the said crime charged against him; that thereupon the court fixed a day some four days subsequent as the date to pronounce sentence and render judgment on the plea; and that thereafter, on the date fixed, the court passed the cause to the next day before sentence was pronounced and judgment rendered on the plea. It appears further that before pronouncing sentence and rendering judgment the trial court heard the testimony of several witnesses, including the voluntary confession of guilt made by the defendant in open court.

That upon a plea of guilty to the crime of murder the trial court had jurisdiction to assess the death penalty without the intervention of a jury is the holding of this court in Re Opinion of the Judges, 18 Okla. Cr. 598, 197 Pac. 546; also in Re Opinion of the Judges, 6 Okla. Cr. 18, 115 Pac. 1028, in which opinions the statute so authorizing was held to be a constitutional and valid enactment.

In conclusion, therefore, after reviewing the entire record before us, we are of the opinion that the necessary legal steps and proceedings were taken in this case essential to the taking of human life under a charge of murder; that the defendant was accorded the benefit of all constitutional or statutory rights not specifically waived by him; and that his conviction and sentence of death has been in accordance with the law of the land.

MATSON, P. J., and DOYLE and BESSEY, JJ., concur.