# C. W. GOBEN v. STATE.

No. A-4417. Opinion Filed Nov. 7, 1925.
(240 Pac. 1085.)

Lewis R. Morris and Walter Hubbell, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore and G. B. Fulton, Asst. Attys. Gen., for the State.

DOYLE, J. The plaintiff in error, C. W. Goben, and William Tait, were jointly charged, by information duly filed in the district court of Comanche county, April 12,

1921, with the murder of Russell Sprague, alleged to have been committed in said county on the 25th day of March, 1921. Upon their arraignment, the defendant William Tait entered a plea of guilty to the crime of murder as charged in the information. He was thereupon sentenced to suffer death by electrocution (see Opinion of the Judges, 18 Okla. Cr. 598, 197 P. 546), which sentence was May 15, 1923, by Gov. Walton, commuted to imprisonment for life.

On a plea of not guilty to the information, the defendant, C. W. Goben, was tried and found guilty of murder; the jury in their verdict fixing the punishment at death. From the judgment, the defendant appealed, and, by the decision of this court, the judgment of conviction was reversed, and the cause remanded for a new trial. Goben v. State, 20 Okla. Cr. 220, 201 P. 812.

On the defendant's application, the court granted a change of venue to Cotton county. The defendant was put upon trial which resulted in a mistrial; the jury having failed to agree. On the next trial the jury returned a verdict finding him guilty as charged in the information and fixing his punishment at death. Motions for new trial and in arrest of judgment were duly filed, presented, and overruled. May 19, 1922, the court pronounced judgment and sentenced the defendant to suffer death by electrocution.

Thereafter, on the 22d day of May, 1922, the defendant filed a supplemental motion to vacate the judgment and grant a new trial on the ground that the juror Ernest Wilson, contrary to his examination on voir dire, had formed, and on several occasions expressed, his opinion as to the guilt of the defendant, by remarking that he had his mind made up on this case; that the defendant, Goben, ought to be electrocuted the same as Tait; that if he got on the jury he would electrocute him; and other similar remarks—which motion was supported by seven affidavits and by the testimony of several witnesses on the hearing.

The juror Wilson, called by the state, admitted carrying on conversations at each place charged, but denied making such statements, and stated that he only expressed his opinion on capital punishment, saying that, if he was called as a juror, and the evidence was strong enough to stick a man, he would break his neck; that the other persons may have been talking about the Goben case at the time.

The motion was denied.

Counsel for plaintiff in error also complain of the trial court's refusal to compel jurors on their voir dire examination to state whether or not they were members of the Ku Klux Klan. It appears that the court informed the jurors that they did not have to answer that question unless they wanted to.

The record further shows, after the jury had been selected, and the defendant had exhausted all his peremptory challenges, he made the following motion:

"Comes now the defendant and objects to going to trial before this jury, for the reason that the same is not fair and impartial, and for the reason that during the selection of the jury the defendant has been deprived of some of his rights guaranteed under the law and the Constitution, and respectfully requests the court that he be restored to at least three of his peremptory challenges, for the reason that certain persons called into the jury box refused to answer as to whether or not they belonged to the Knights of the Ku Klux Klan, in that said jurors were instructed by the court that they were not required to answer the question."

Which motion was by the court overruled.

It is also insisted that the penalty of death is too severe, and should be modified to imprisonment for life at hard labor. After the final submission of the case, there was filed the following stipulation:

240

"Stipulation.

"Whereas, the plaintiff in error in the above-entitled cause now pending in the Criminal Court of Appeals of the state of Oklahoma, has appealed said cause from the district court of Cotton county, Okla., and on appeal has assigned and urged various and sundry irregularities and substantial errors which he contends should cause said judgment and sentence of the district court of Cotton county, Okla., to be reversed or at least modified:

"And, whereas, the plaintiff in error has been sentenced to be put to death in said cause;

"And, whereas, the plaintiff in error is willing to waive all alleged errors and irregularities in the trial of said cause on the condition that the judgment and sentence in said cause be modified by the court from that of death to life imprisonment in the State Penitentiary at McAlester, Okla.;

"And, whereas, the defendant in error, in view of the errors assigned, feels that it would be to its best interest and that justice would be done by modifying said judgment and sentence;

"Now, therefore, it is stipulated and agreed by and between C. W. Goben, plaintiff in error, and the state of Oklahoma, defendant in error, that all of the alleged errors and irregularities in the trial of said cause which are being urged by said plaintiff in error on appeal, be, and the same are hereby, waived, and the defendant in error, by and through its duly qualified, elected, and acting Attorney General agrees and consents that the judgment and sentence in this case be modified from that of the death penalty to life imprisonment in the State Penitentiary at McAlester, Okla., and the plaintiff in error hereby agrees and consents that said judgment and sentence be thus modified.

"It is further stipulated and agreed between the parties hereto that this agreement and matters waived herein is subject to the approval of the Criminal Court of Appeals of the state of Oklahoma, and is made upon the condition and understanding that said judgment and sentence will be modified as herein stated, but that, in the event that

said judgment and sentence is not modified, then it is expressly understood that the plaintiff in error waives none of his rights nor any of the errors and irregularities urged upon his appeal.

"Dated this 7th day of April, 1925."

We have with much care examined the voluminous record. The fact that the defendant Tait fired the fatal shot is not disputed, but from all the facts in evidence it is evident that the defendants were acting in concert with a common purpose and intent in the commission of the crime.

It is a rule of the law that, where the parties act in concert with a common design, they are both alike guilty as principals, and we see no reason to doubt that this conviction was justified by the evidence.

It follows that the sole question presented for the decision of this court is: Should the judgment and sentence be modified to life imprisonment? Our Penal Code provides any person convicted of murder shall suffer death or imprisonment at hard labor in the state penitentiary for life, at the discretion of the jury. Section 1739, C. S. 1921.

Our Code of Criminal Procedure provides that:

"The appellate court may reverse, affirm or modify the judgment appealed from." Section 2820, C. S.

It was said by this court in the case of Wilson v. State, 17 Okla. Cr. 47, 183 P. 613:

"By this provision it seems to have been the intention of the Legislature to vest this court with power to modify the judgment, when such a course would be in furtherance of justice and conduce to the humane administration of the law. In a capital case it is the duty of this court to examine, with the greatest care, the whole record in favor of life, and review the case upon the merits to determine whether justice requires a modification of the judgment to imprisonment for life."

In Anthony v. State, 12 Okla. Cr. 494, 159 P. 934, we held:

"The power of this court to modify a judgment inflicting the death penalty for murder to imprisonment for life at hard labor, when deemed proper in the furtherance of justice, is not the power to commute by the chief executive of the state. The judicial power to modify a judgment and the executive power to pardon or commute are wholly distinct in their nature. The one is an award of justice. The other is an act of grace."

And see Young v. State, 19 Okla. Cr. 363, 200 P. 260; McConnell v. State, 18 Okla. Cr. 688, 197 P. 521; Chambers v. State, 16 Okla. Cr. 238, 182 P. 714; Westbrook v. State, 14 Okla. Cr. 423, 172 P. 464; Owen v. State, 13 Okla. Cr. 195, 163 P. 548; Fritz v. State, 8 Okla. Cr. 342, 128 P. 170.

Where statutes authorize the appellate courts to modify the judgments of the trial court in criminal cases, the remedy in cases like this is found, not in a new trial, but in modifying the judgment by reducing the punishment, and, without the power given under the statute to modify the judgment, this court would be compelled to reverse the case for the errors indicated and remand it for another trial. While we must compliment the attorneys who represent the plaintiff in error for the able manner in which they have presented his defense even to appearing in this court at their own expense and the filing of a strong brief, we also commend the Attorney General in agreeing to the stipulation herein set forth, which meets with our unqualified approval.

For the reasons stated, the judgment of the district court of Cotton county will be modified to the extent that the sentence will be changed from the infliction of the penalty of death to that of imprisonment in the state penitentiary at hard labor for life, and, as thus modified, the judgment is affirmed.

The clerk of this court will furnish the warden of the state penitentiary a certified copy of this opinion.

BESSEY, P. J., and EDWARDS, J., concur.