## OLGA HUDSON NOWLIN v. STATE.

No. A-9750.   Sept. 2, 1942.
(128 P. 2d 1023.)

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for defendant.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P. J.   Defendant, Olga Hudson Nowlin, was charged in the district court of Oklahoma county with the crime of murder, was tried, convicted of manslaughter in the second degree, and her punishment assessed at confinement in the state penitentiary for a period of three years, and has appealed.

These charges were the outgrowth of the killing by the defendant of her husband, Claude Nowlin, in Oklahoma City, Oklahoma county, on April 17, 1938. Defendant was charged with murder and the jury returned a

verdict of manslaughter in the second degree, leaving the punishment to the court. She was sentenced to serve a term of three years in the penitentiary. No motion for new trial was filed by the defendant, but she filed a motion to vacate and set aside the judgment and sentence, which was overruled, and defendant appealed to this court. This appeal is based upon Oklahoma Statutes, 1931, § 3140, O. S. A. (Stat. 1941) Title 22, § 973, which is as follows:

"After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct."

The only contention made by the defendant is that the judgment and sentence is excessive. Evidence was submitted at the hearing upon the motion, touching upon this issue. This was proper under the statute above quoted. In re Sam Watkins, 21 Okla. Cr. 95, 205 P. 191, and Prather v. State, 14 Okla. Cr. 327, 170 P. 1176; Herren v. State, 74 Okla. Cr. 432, 127 P. 2d 384. We do not consider it necessary to give a long detailed statement of the evidence which was presented at the trial and upon the hearing of the motion to vacate. We have carefully considered the same in order that we might arrive at a proper conclusion as to the question submitted.

The deceased, Claude Nowlin, was an able and prominent attorney of Oklahoma City, and of the Oklahoma State Bar. For many years he was the general attorney for the Telephone Company. He had been married four times. The defendant, his fourth wife, was a trained nurse, the daughter of a well-known pioneer family of this state. She had taken care of the deceased from the

time that she had married him and during the time of his excessive drinking spells, and had attended him during an attack of pneumonia after their marriage. The deceased had two children by reason of his previous marriages, and he and the defendant had adopted two children, whose ages were six and seven, respectively, at the time of the killing, and these two children now reside with defendant in Oklahoma City.

We shall not speak further of the prior life of the deceased and defendant except to state that deceased had wrecked a brilliant and useful life and career by overindulgence in the use of intoxicating liquor. His untimely death was the outgrowth of this indulgence. The evidence reveals that defendant was not altogether free from this fault, and had it not been for overindulgence on her part and on the part of deceased on the date of the killing, this tragedy would probably not have occurred. Her indulgence was, no doubt, brought about in an effort to be companionable with her husband, whom the evidence reveals she had assisted not only as a good companion, but also financially in his times of need.

A careful examination of the record does not reveal facts which would justify this court in coming to the conclusion that the judgment and sentence rendered is excessive. This is true even under the testimony of the defendant, herself, and statements made by her to the officers immediately after the tragedy. Upon the motion to set aside the judgment and sentence, evidence was presented which tended to show that defendant was suffering from tuberculosis, and that confinement in the penitentiary would be injurious to her health. It is also contended that the social standing of the defendant and the effect upon the future lives of the two small children whom she and deceased had adopted would be such pun-

ishment that justice does not demand. These, of course, are strong appeals to the heartstrings of the members of this court as now constituted, but our sympathy cannot be swayed by overlooking justice, duty, and the law of the land. As has often been said by this court:

"The power of this court to modify a judgment inflicting the death penalty for murder to imprisonment for life at hard labor when deemed proper in the furtherance of justice is in no sense the power of commutation of the sentence of the lower court. Commutation can be granted only by the chief executive of the state, and is granted as a matter of clemency. The judicial power to modify a judgment and sentence and the executive power to pardon, parol, or commute are wholly distinct in their nature. The one is an award of justice and the other is an act of grace. Commutation is a matter of discretion and may be refused. Justice is imperative, and must not be denied." Fritz v. State, 8 Okla. Cr. 342, 128 P. 170, 177; Mannon v. State, 68 Okla. Cr. 267, 98 P. 2d 73.

If, as shown by the record, defendant is suffering from disease (tuberculosis), it is well known that the state institutions of this state are amply provided with medical aid, which will, no doubt, be of great benefit to her.

It may also be observed that the jury and the trial court did not fail to take into consideration the circumstances surrounding defendant when the verdict was rendered and sentence set by the court. Defendant was charged with murder. The jury rendered a verdict of manslaughter in the second degree, the least punishment that could be inflicted under the charges filed, and the instructions of the court. The punishment prescribed by the statute is not less than two years in the penitentiary nor more than four years, or by imprisonment in the county jail, or by a fine, or both fine and imprisonment.

The court sentenced her to three years in the penitentiary. Under the circumstances, this punishment cannot be said to be excessive, requiring this court to reduce the same. We understand the many heartaches and humiliations suffered by defendant in her efforts to reform the deceased, but the law does not permit one to take into his own hands the responsibility of taking human life to correct a wrong.

After a careful consideration of the record, and without further discussion of the same, we are of the opinion that the judgment and sentence of the district court of Oklahoma county should be affirmed, and it is so ordered.

JONES and DOYLE, JJ., concur.