**Gale Kenneth NIPP, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13158.**

Court of Criminal Appeals of Oklahoma.

July 18, 1962.

Rehearing Denied Sept. 19, 1962.

Thomas G. Hanlon, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the District Court of Muskogee County, from a judgment and sentence rendered against plaintiff in error, Gale Kenneth Nipp, hereinafter referred to as defendant, fixing his punishment at 5 years in the state penitentiary for the Crime of Burglary in the Second Degree.

Uncontroverted facts in the record disclose that about 2:30 A.M. on March 30, 1961 Officers Earl Garrison and Howard Reeves went to the City Vending Machine Company, 422 East Okmulgee, located in the City of Muskogee, Muskogee County, Oklahoma, and after arriving there discovered the premises had been broken into and that the defendant and another person were still inside the building. Shortly thereafter, the defendant was captured as he attempted to flee the building.

An examination of the premises revealed a quantity of burglary tools in front of the company's safe and a pair of vise grips were found on the accused at the scene after his arrest.

The owner of the premises testified that the premises had been securely locked when he left at approximately 11:15 P.M., but

that when he returned, after having been summoned by the officers, the establishment had been broken into and the burglary tools heretofore referred to were strewn about the floor.

There are several assignments of error which are predicated upon allegations of facts not incorporated in the record and this court will address its attention only to those issues which were preserved in the record and properly presented to us on appeal.

■ It is the defendant's principal contention that the trial court was without jurisdiction to try the case on the appointed day for trial because (1) defendant was denied his constitutional right to assistance of counsel in his defense, and (2) it is his further contention that the trial court erred in forcing the accused to trial on the same day that counsel was appointed to represent accused, over the objection of said counsel and after counsel had requested a continuance in order to properly prepare for trial.

The defendant's first contention is not supported by the record, but, to the contrary it clearly appears that when the defendant appeared in court and announced that counsel was not present, the court appointed Mr. Lloyd Payton, licensed member of the Oklahoma Bar Association, to counsel with and represent accused during the trial that followed.

The appointment was an unqualified appointment to represent the accused and is clearly distinguishable from the appointment made by the court in Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, 540, where the court appointed all members of the bar to represent an illiterate Negro charged with a capital offense and immediately thereafter forced him to trial.

Nor is the appointment qualified as was the appointment in Dumas v. State, 54 Okl. Cr. 207, 16 P.2d 886, where the accused, an illiterate Negro was brought from the penitentiary to the court house in Coalgate, Oklahoma; arraigned on a charge of rape; bound over to District Court where he was arraigned in a locked court room and appointed counsel who was appointed only to examine the pleadings.

In the Dumas case the defendant entered a plea of guilty and was sentenced to death; all of the proceedings transpired in a 40 minute period.

Nor does the appointment of counsel in the instant case compare with the appointment of counsel in Goben v. State, 20 Okl. Cr. 220, 201 P. 812, cited by the defendant, wherein the court appointed counsel to represent the accused, charged with a capital offense, who was not a duly licensed and practicing attorney in Oklahoma at the time of his appointment.

There are other significant distinctions in the cases cited by the defendant which are not material to this issue. Suffice to say, that we are of the opinion that the first assignment of error is wholly without merit.

■ In considering the second assignment of error urged by the defendant, that the court committed reversible error in failing to grant a continuance, the order of the court appearing at Page 31 and 32 of the Case-Made establishes the only evidence recorded as to the basis upon which the court acted. The order reads as follows:

"This morning about 9:30 or soon thereafter the State of Oklahoma announced ready in the case: State of Oklahoma vs. Gale Kenneth Nipp, #10344. Whereupon the Court made inquiry if the Defendant is in Court and had the bailiff call out the Defendant's name but the Defendant was not in Court. 'Whereupon the County Attorney informed the Court that Tom Hanlon, a lawyer from Tulsa, Oklahoma, was on the phone and said that he was to be over shortly.' Whereupon the Court passed the matter for 20 or thirty minutes until the County Attorney had finished his conversation with the Attorney in Tulsa and again announced ready for trial. Whereupon

the Court ordered a forfeiture and the Clerk procured the bond which is on file for this defendant in this Court to guarantee their appearance for trial in the District Court in the regular term of Court. And the defendant not being present his bond was forfeited. In substance thereto the Defendant Gale Kenneth Nipp did come into Court about 10:45 and said that he was here without counsel whereupon which the Court asked the Clerk to procure Mr. Lloyd Payton a licensed member of the Oklahoma Bar to come to the Court House which was done by counsel; whereupon the Court appointed him as counsel for the accused. The Court passed the matter until further hearing at 1:00 p o'clock. Court now on its own motion sets aside bond forfeiture heretofore ordered in case #10343 State of Oklahoma vs. Gale Kenneth Nipp and in case #10344 State of Oklahoma vs. Gale Kenneth Nipp, wherein the State of Oklahoma prosecutes the defendant of Burglary Second Degree. Whereupon the counsel has moved the Court for continuance upon the grounds that he is not prepared to go to trial at this time. While the Court would like to extend to counsel and the accused a delay however, it would cause a hardship on the State of Oklahoma as the State of Oklahoma had considerable expenses and has spent much time in preparing to try these two cases. The motion for continuance is overruled.

"Mr. Payton: Exception."

It has been uniformly held that the granting or denial of a motion for continuance is addressed to the sound discretion of the trial court and that the actions of the trial court will not be disturbed unless it appears that he acted in an arbitrary or capricious manner.

■ While it is unquestionably true that every person charged with a criminal offense is entitled to be represented by counsel at every stage of the proceedings it is equally true that an accused does not have an absolute right to be represented by counsel at public expense. Such right exists only where the accused is a poor person unable to employ counsel.

■ In the case at bar, it appears that the defendant was represented by Mr. Tom Hanlon prior to and on the date this matter was set for trial. There is nothing in the record to indicate that Mr. Hanlon sought a continuance by filing a written motion for same, nor does the record disclose that he ever sought to withdraw as attorney in the case.

When defendant appeared without counsel being present, he made no showing that he was unable to employ counsel, nor did he request an attorney be appointed to represent him. Under such circumstances, it was not the duty of the court to appoint counsel to represent the defendant at public expense.

The defendant's right to a continuance could therefore not be greater after the appointment of counsel than it was prior to the court's appointment of Mr. Payton.

■ From the record it appears that the defendant was free on bond and had ample opportunity to prepare his defense and subpoena witnesses to appear in his behalf. If this was not done by the defendant prior to the date he knew his case would be called for trial, he cannot now assert his lack of diligence as a basis for reversal of this cause.

From the undisputed evidence offered before the jury there can be no question but that the defendant was guilty as charged. The proof of his guilt would be no less evident had this matter been continued.

Were we to hold that the accused had a right to a continuance under the circumstances of this case, every defendant charged with a criminal offense could avail himself of the right to be represented by counsel at every stage of the proceedings prior to trial, make no effort to prepare his defense and appear without counsel every time his case was called for trial, thus en-

titling him to an automatic continuance. He could thus delay the administration of justice and the punishment for the crime by him committed. Such a result would defeat the orderly administration of justice.

For the reasons above set forth, we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX, P. J., and BRETT, J., concur.