## JAMES SPESS v. STATE.

No. A-2701.  Opinion Filed April 12, 1917.

(164 Pac. 131.)

**CRIMINAL LAW—List of Adverse Witnesses—Constitutional Provisions.**
Section 20, art. 2, of the Constitution construed, and **held**, that under the last provision of this section the accused in capital cases does not have to demand a list of the witness to be used by the state in chief, but that the Constitution makes the demand for him, and that a trial court has no more authority to force the accused to trial until he has waived this demand of the Constitution, or it has been complied with, than he has to force the accused to trial without an information or a jury; for both

of these rights rest upon the same authority, and are guaranteed·
to the accused in the same section of the Constitution, and no one
can nullify them, and the accused alone can waive them.

*Error from District Court, Pawnee County;*
*Conn Linn, Judge.*

James Spess was convicted of murder and sentenced
to life imprisonment, and he brings error. Reversed.

*McNeill & McNeill,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J. Plaintiff in error, James Spess, was con-
victed of murder, and sentenced to life imprisonment.
The material facts are that plaintiff in error and two
others robbed a bank at Terlton, and in resisting arrest
plaintiff in error shot and killed Robert Moore, the deputy
sheriff. When the case was called for trial in the district
court, plaintiff in error filed a motion and affidavit asking
for a continuance on the ground that he had not been
served with either a copy of the information or a list of
the witnesses, with their post office addresses, which the
state expected to use as its witnesses in chief. This mo-
tion and affidavit of the plaintiff in error was not
traversed in any way by the state, but, regardless of that
fact, the court overruled the motion and forced the plain-
tiff in error to trial. Plaintiff in error continued to raise
this objection at every stage during the progress of the
trial, and in no way waived this constitutional right, or
neglected to call the court's attention to the fact that he
did not waive it.

Regardless of our feelings in the matter, or any
resentment we might have against the atrocious crime
charged against the plaintiff in error, the violation of a
plain, simple, and unambiguous demand of the Constitu-

tion must not be tolerated by the courts; and responsibility in such cases must rest upon the tribunal in which it is practiced or attempted.

Section 20, art. 2, of the Constitution provides that:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the state, on the application of the accused, in such manner as may be prescribed by law. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. He shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief to prove the allegations of the indictment or information, together with their post office addresses."

Under the last provision of this section of the Constitution the accused in capital cases does not have to demand a list of the witnesses together with their post office addresses, but the Constitution makes that demand for him. And, unless he waives it, he cannot be legally put upon trial until that demand has been complied with.

Ordinarily in applications for continuance the court may exercise a sound judicial discretion, but it would be absurd to say that this discretion could go to the extent of nullifying a plain, simple, unambiguous demand of the fundamental law of the state, made exclusively for the benefit of the accused.

The court in the case at bar had no more authority to force the plaintiff in error to trial until he had waived

this demand of the Constitution, or it had been complied with, than he would have had to force him to trial without an information or a jury. For both of these rights rest upon the same authority and are guaranteed to the accused in the same section of the Constitution; and no one can nullify them, and the accused alone can waive them. *State v. Frisbee*, 8 Okla. Cr. 406, 127 Pac. 1091.

In the case at bar the court should have continued the case until the plaintiff in error could be served with a list of the witnesses as required by law. And by reason of his failure to do this the plaintiff in error was clearly denied a plain constitutional right, and the judgment must be reversed.

The judgment is therefore reversed, and the cause remanded for a new trial.

DOYLE, P. J., and ARMSTRONG, J., concur.