## FARMON SUTTON v. STATE.

No. A-6287.   Opinion Filed Nov. 16, 1926.

(250 Pac. 930.)

264

266

272

Anglin & Stevenson, for plaintiff in error.

The Attorney General and Tom H. Fancher, Co. Atty., for the State.

DOYLE, J. (after stating the facts as above). This appeal is from a judgment of conviction of murder and sentence of death, pronounced upon a plea of guilty, entered by appellant, Farmon Sutton, upon his arraignment on an information charging him with the murder of J. H. Byerly, alleged to have been committed December 30, 1925.

It appears from the record that appellant was arrested January 4, 1926, on suspicion, and was held in jail until February 4th, when he was taken to the

office of the county attorney and there signed a written confession; immediately complaint was filed before a justice of the peace who was called to the office of the county attorney, and there before him appellant waived preliminary examination and an hour later was taken before the district court. In the meantime an information was filed in the district court and appellant was there served with a copy of the same, together with a list of the state's witnesses. He was then formally arraigned and the court recessed until 1 p. m., at which time appellant pleaded guilty to the charge, and was, by the judgment of the court, sentenced to suffer death by electrocution on the 9th day of April, 1926. During these proceedings the defendant was not represented by council, nor was he informed by the court of his right to be represented by counsel. Immediately after the judgment was rendered appellant was placed in a car and taken to the penitentiary.

The motion to vacate and set aside the judgment and for leave to withdraw the plea of guilty and enter a plea of not guilty was filed February 6th, the second day after the judgment was pronounced. On the hearing this motion was by the court overruled. Exception reserved.

To reverse the conviction, appellant assigns as grounds that the judgment of conviction is void for want of due process of law, as secured to him by the Constitution of the state (article 2, § 7). which reads:

"No person shall be deprived of life, liberty, or property, without due process of law."

The principle that no person shall be deprived of life, liberty, or property, except by due process of law, is older than written Constitutions. The phrase

"due process of law" as used in the Bill of Rights is synonymous with the phrase "law of the land" as found in Magna Charta. A definition of the meaning of the words "law of the land" and "due process of law" which has received the sanction of the courts is Mr. Webster's familiar definition. By the law of the land is clearly intended the general law which hears before it condemns, which proceeds upon inquiry, and renders judgment only after trial. It means that every citizen shall hold his life, liberty, and property under the protection of the general rules which govern society.

Every person charged with crime, whether guilty or innocent, is entitled to a fair and impartial trial— that is, a trial in accordance with the rules of law and the principles of justice; and it is a duty resting upon the courts to see that this guaranty conferred by the Constitution upon every citizen is upheld and sustained. Goben v. State, 20 Okla. Cr. 220, 201 P. 812.

In cases of this kind, where the defendant is charged with a capital offense, he should have the advantage of every right which the law secures to him upon his trial. The Bill of Rights provides that in all criminal prosecutions the accused—

"shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their post office addresses." Const. art. 2, sec. 20.

The right of the accused to the assistance of counsel in making his defense has long been regarded in this country as essential to the due administration of justice in criminal cases.

Says Mr. Cooley:

"With us it is a universal principle of constitutional law that the prisoner shall be allowed a defense by counsel." Const. Lim. 334.

In order that the accused may have the full benefit of this constitutional right, the Code of Criminal Procedure provides:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him." Section 2590, C. S. 1921.

In Polk v. State, 26 Okla. Cr. 283, 224 P. 194, it was held:

"Under our laws every person accused of felony is entitled to aid of counsel at every stage of the proceedings, whether imprisoned or admitted to bail, and refusal of opportunity to procure such counsel amounts to a deprivation of a right essential to his safety."

And see Tipton v. State, 30 Okla. Cr., 56, 235 P. 259.

Construing the second provision of section 20 of the Bill of Rights, above quoted, the uniform holding of this court is that, in a capital case, the defendant does not have to demand a list of the witnesses, together with their post office addresses; that the Constitution makes that demand for him, and, unless he waives it, he cannot be legally put upon trial until that demand has been complied with. Spess v. State, 13 Okla. Cr. 277, 164 P. 131; Goben v. State, 20 Okla. Cr. 220, 201 P. 812; Polk v. State, 26 Okla. Cr. 283, 224 P. 194.

The uniform holding of the courts is that, in a capital case, a plea of guilty can only be entered after

the defendant has been fully advised by the court of his rights and the consequences of his plea; and, where it appears on appeal from a judgment of conviction that the defendant has been denied a right guaranteed by the Constitution, such showing requires a reversal, unless the record clearly shows that the right was waived, or that no injury could have resulted to the accused by reason of such denial. Howington v. State, 30 Okla. Cr. 243, 235 P. 931; Mullen v. State, 28 Okla. Cr. 218, 230 P. 285.

In the instant case, it appears that upon his arraignment there was no attempt whatever on the part of the court to inform the defendant of his constitutional and statutory rights. The record shows the following colloquy occurred between him and the court:

"Court: Do you wish to enter your plea at this time?

"Defendant: Who, me?

"Court: Yes.

"Defendant: I don't know, sir.

"Court: Do you want to plead guilty or not guilty?

"Defendant: Plead guilty, judge.

"Court: Now, before you definitely decide to plead guilty, there is only two punishments that may be inflicted for murder, one death, and one life imprisonment in the penitentiary at hard labor. Now, I want you to think well before you enter your plea of guilty?

"Defendant: Well, I pleads guilty.

"Court: Let the record show that it will be the judgment of the law as pronounced by the court that the defendant will be adjudged to be guilty of murder and shall suffer death by electrocution, and that the 9th day of April, 1926, is the day appointed by

the court for the carrying into execution the judgmen and sentence of death as herein pronounced.

"Defendant: I can't understand you, judge.

"Court: So you may appeal from the judgment and sentence to the Criminal Court of Appeals. Do you hear it now? A. Yes, sir.

"Q. Did you hear what I said, and understand it? A. No, sir; I didn't understand."

In a criminal action a defendant has the right to plead guilty, and the effect of such a plea is to authorize a judgment of conviction and imposition of punishment as prescribed by law. The plea should be freely and voluntarily made by one competent to know the consequences, and should not be induced by fear, persuasion, promises, or ignorance. In some states pleas of guilty to the charge of murder are not received; in others on a plea of guilty the case must stand continued for judgment and sentence. In still others a jury must be impaneled in capital cases to assess the punishment. Polk v. State, supra. Here there was no attempt whatever on the part of the court to inform the defendant of his rights, or to state the effect of the plea of guilty.

It is true that many constitutional guaranties may be waived by an accused person who comes into court represented by counsel and being fully advised of all his rights, and in such cases it might be said that he waives a right for which he does not ask. However, the record in this case shows that appellant did not waive any constitutional or statutory right, except insofar as his plea of guilty waived his right to be tried by a jury. In our opinion the constitutional right to be represented by counsel and the right in capital cases, at least two days before the case is called for trial, to be furnished with a list of the witnesses, to-

gether with their post office addresses, are essential to due process of law guaranteed to the citizen by section 7, Bill of Rights. We are inclined to think that a conviction had by a denial of these constitutional rights simply amounts to judicial lynch law.

As, in the view we take, the case must be submitted to a jury, we refrain from a discussion as to whether or not the purported confession was or was not free and voluntary, further than to say it is as much the duty of prosecuting attorneys to see that a person accused of crime is not deprived of any of his constitutional and statutory rights as it is to prosecute him for the crime with which he is charged.

While promptness in the apprehension and trial of persons accused of crime is commendable, the law has provided how trials should be had, and the enforcement of law is to be arrived at only by adhering to legal requirements and principles of justice and fair trials as provided by constitutional provisions, legislative enactment, and well-established rules of law.

It has been well said that the law is not designed to be a swift engine of oppression and vengeance, but it was and is designed to try and convict men only after due hearing and a fair trial.

For the reasons stated, we are of the opinion that the judgment of conviction is void for want of due process of law.

The judgment is accordingly reversed; the cause remanded to the court below for further proceedings in conformity with law.

BESSEY, P. J., and EDWARDS, J., concur.