## WALTER A. BRANNON v. STATE.

No. A-8580.  Feb. 1, 1935.

(40 Pac. [2d] 1115.)

David Tant and James H. Mathers, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and J. H. Lawson, for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court, Johnston county, of murder, and was sentenced to life imprisonment. Only a brief statement of facts is necessary. Defendant was jointly charged with Roy Denmark, George Davis, Wilbur Spears, Ralph Kirkland, Floyd Stapp, and M. W. Newman with the murder of one Jim Wood. A severance was granted, and Brannon, this defendant, was tried alone. He and his codefendants Denmark, Spears, and Kirkland were engaged in illicit liquor traffic. Wood, a resident of Johnston county, had prior thereto been engaged in the liquor business as a source of supply. The defendants named, a few days before the killing, left Oklahoma City, going into Southeastern Oklahoma for the purpose of purchasing a quantity of whisky. In the course of their search, they were directed to Wood. On the day prior to the homicide, they went to his residence, as they say, in search of whisky, and had some arrangements whereby he was to locate a supply. On the night of the homicide they returned and stopped on the highway near his residence and sent word they wanted to see him. He came out to the car and very soon engaged in a gun battle with defendants in which he received the wound from which he died. The theory of the state is that defendants conspired to rob deceased or to seize him as a prisoner and rob his house. Defendant testified they went to his residence at the time of the homicide to make inquiry for whisky which,

on their prior visit, he had promised to locate for them; that deceased had become suspicious they were federal officers in search of violators of the liquor laws, and after a few words began shooting at them; that the shots fired by defendant and his companions were in their necessary self-defense in resisting an unlawful attack—that is, the homicide was admitted and the plea of self-defense interposed.

Defendant argues the court erred in permitting the state, over defendant's objection, to use George W. Davis as a witness in chief, for the reason his name was not indorsed on the information nor included in the list of witnesses served on defendant as required by section 20, art. 2, Constitution. Davis is named in the information as a codefendant. He testified at length in support of the state's theory, particularly as to a conversation between him and the defendants Newman and Stapp, which took place more than a week prior to the homicide, and which purported to show a conspiracy between defendants Stapp and Newman to rob Wood and to a conversation between the witness and defendant Denmark some time after the homicide, while he and Denmark were confined in jail. The state seeks to show by this witness a conspiracy to rob Wood and to connect defendant Brannon with it and to show the homicide was committed while defendants were attempting to carry out the conspiracy. The evidence was very material to the state's theory. The state seeks to justify the use of this witness without his name having been served, under the rule stated in Cudjoe v. State, 12 Okla. Cr. 246, 154 Pac. 500, L. R. A. 1916F, 1251; Cloud v. State, 51 Okla. Cr. 395, 273 Pac. 1012; Varner v. State, 42 Okla. Cr. 42, 274 Pac. 43, which rule is based on section 3066, Okla. Stat. 1931, and is, in substance, that a defendant jointly indicted or informed against is charged

with notice that the state, if it so desires, may use a codefendant as a witness against him; that the appearance of the name of the witness in the information or indictment as a codefendant satisfies the requirement that his name be indorsed.

Section 20, art. 2, Constitution is:

"In all criminal prosecutions the accused * * * shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their postoffice addresses."

Since the purpose of the indorsement of the names of witnesses on an indictment or information is to give notice to an accused of the witnesses to be used against him so that he may investigate their testimony or their reputation for truth and veracity, which is also the purpose of the constitutional requirement, supra, it is not absolutely essential that the names of witnesses in capital cases be indorsed on the information, if the list is served as required by the Constitution. The proper practice is to have the names indorsed on the information, as well as having a list of them served. But, unless waived, the names must be served. Capital cases do not fall within the rule announced in Cudjoe v. State, supra; Dumas v. State, 19 Okla. Cr. 413, 201 Pac. 820, or Varner v. State, supra, since the service of a list of names of witnesses is constitutional and the right of the state to use a codefendant as a witness is statutory. Permitting the witness Davis, whose name had not been served, to testify to material matters, over the objection of defendant, was a violation of defendant's constitutional rights, and is reversible error. State v. Frisbee, 8 Okla. Cr. 406, 127 Pac.

1091; Addington v. State, 8 Okla. Cr. 703, 130 Pac. 311; Spess v. State, 13 Okla. Cr. 277, 164 Pac. 131; Hisaw v. State, 13 Okla. Cr. 484, 165 Pac. 636; Goben v. State, 20 Okla. Cr. 220, 201 Pac. 812.

There was also error in admitting hearsay testimony on the part of the state, but, since the case must be reversed, it is not necessary to discuss that assignment at length.

The case is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.