James David GRIFFITHS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14231.

Court of Criminal Appeals of Oklahoma.

April 12, 1967.

John Charles Feagins, Claremore, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Plaintiff in Error, James David Griffiths, hereinafter referred to as defendant, plead guilty in the District Court of Rogers County, Oklahoma, on the 6th day of February, 1954, to the crime of Murder; and was sentenced to life imprisonment in the State Penitentiary at McAlester. On the 4th day of August, 1966, more than eleven years later, he filed a Petition for Writ of Coram Nobis in Rogers County District Court. This was dismissed, and from this proceeding, he now appeals to this Court asking that we issue an Order directing the District Court of Rogers County to assume jurisdiction and hear and determine said petition for writ of coram nobis and all other motions and applications heretofore pending on their merits.

 This Court, speaking through the Honorable Judge Powell, stated in Hendricks v. State, Okl.Cr., 297 P.2d 576:

"The functions of a writ of error coram nobis are limited to an error of fact for which the statute provides no other remedy, which fact did not appear of record or was unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment, and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court, unless he was pre-vented from so presenting them by duress, fear, or other sufficient cause."

"A writ of error coram nobis will not be granted except where it clearly appears that the petitioner had a valid defense in the facts of the case."

Rule 24(B) of the Court of Criminal Appeals provides as follows:

"When the Court of Criminal Appeals has jurisdiction of an appeal from an order denying the Writ of Error Coram Nobis in a trial court, the determination of the issues therein raised are the sole province of the trial court, and the trial court's findings therein are binding on the Court of Criminal Appeals where there is any evidence reasonably tending to support the same, and review thereof by the Court of Criminal Appeals will be made solely on the record of the hearing had in the trial court for the purpose of determining the sole question of the sufficiency of the evidence to support the trial court's findings."

 Thus it would seem that the defendant is not properly before the Court, as the proper way to raise his contentions would have been by direct appeal, or by writ of habeas corpus.

For the reasons above stated, the relief prayed for is denied and the appeal is dismissed.

NIX, P. J., and BRETT, J., concur.