Allen McCALIP, # 74383, Petitioner,

v.

STATE of Oklahoma and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A–14315.

Court of Criminal Appeals of Oklahoma.
July 19, 1967.

Allen McCalip, pro se.

G. T. Blankenship, Atty. Gen., for respondents.

BUSSEY, Judge.

This is an original proceeding in which petitioner seeks his release from confinement in the State Penitentiary at McAlester where he is currently incarcerated by virtue of a judgment and sentence rendered against him in the District Court of Oklahoma County, fixing his punishment at 25 years imprisonment rendered upon his plea of guilty.

The records reflect that the petitioner appeared in open court with counsel and voluntarily entered a plea of guilty after having been advised of his rights, with full knowledge of the nature and consequences of such plea.

Petitioner now challenges the judgment and sentence rendered against him alleging that he was coerced into entering said plea by his court-appointed counsel and by virtue of the fact that if he proceeded to a trial by a jury, certain admissions and confessions illegally obtained would have been used against him.

Petitioner further asserts that if he had had other counsel he might have received a lesser sentence as did his co-defendant.

We have repeatedly held that when an accused appears with his counsel competently and intelligently enters a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states, have been fully complied with, and application for post-conviction appeal or habeas corpus will be denied.

It appearing that the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgment and sentence imposed, we are of the opinion that the writ prayed for should be, and the same is hereby, denied.

Writ denied.

NIX, P. J., and BRETT, J., concur.