James David GRIFFITH, Petitioner,

v.

Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.

No. A–14487.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1968.

James David Griffith, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

Petitioner, James David Griffith, files his petition for writ of habeas corpus in this Court, seeking his discharge from confinement in the state penitentiary; at Mc-Alester, where he is presently serving a life sentence, having entered a plea of guilty to a charge of murder, in the district court of Rogers County, Oklahoma, on February 8, 1954.

Petitioner states that he was arrested in Council Bluffs, Iowa and was illegally extradited to the State of Oklahoma to face the charge which resulted in his present confinement and custody in the Oklahoma State Penitentiary. He further states that he was not advised of his constitutional rights to representation by counsel, and that he there signed a confession to the alleged crime of murder, and that said confession was the only evidence used to extradite petitioner from the State of Iowa, and that said extradition was illegal and unconstitutional.

It is our opinion that petitioner's allegations as to his illegal extradition fail to support a cause of action in habeas corpus.

The Attorney General has filed a response to the petition, to which is attached a certified copy of the entries on the appearance docket and minutes of the trial court. These entries and minutes do not bear out petitioner's contentions as to the violation of his constitutional rights.

Further, as we have repeatedly stated, this Court will take notice of the records of this Court.

The records before us show that when this petitioner was returned to the State of Oklahoma to face the charge of murder, he was fully advised of all his constitutional rights; that an attorney was duly appointed to represent him, and that, on advice of his attorney, as well as that of the attorney representing his co-defendant in the murder charge, he entered a plea of guilty, on which he was sentenced to life imprisonment. His co-defendant was also given a life sentence. No attempt was ever made to appeal his conviction. Some eleven years later, petitioner attempted to attack the judgment and sentence rendered against him by a motion to vacate, and by petition for writ of error coram nobis, both of which were filed in the district court of Rogers County. In that action petitioner was represented by a reputable firm of attorneys, and a full hearing was had in the matter, after which the court denied the writ.

The attorneys for this petitioner thereafter appealed the result of that proceeding to this Court; and on April 12, 1967 this Court denied the relief prayed for, and dismissed the appeal. (Griffiths v. State, Okl.Cir., 426 P.2d 384.)

Petitioner has failed to show that the district court of Rogers County did not have jurisdiction of the crime charged, jurisdiction of the defendant, and authority to render the judgment and sentence for which this petitioner was convicted. The Court has nothing before it except petitioner's own statements, which are contradicted by the records of the trial court.

The petition for writ of habeas corpus is, therefore, denied.

NIX, P. J., and BUSSEY, J., concur.