**Harrell L. SIMS, Petitioner,**

v.

**Ray H. PAGE, Warden Oklahoma State Penitentiary, Respondent.**

**No. A–14679.**

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1968.

Harrell L. Sims, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Harrell L. Sims presently incarcerated in the Oklahoma State Penitentiary seeks a writ of habeas corpus.

Petitioner alleges that his constitutional rights have been violated and that therefore the judgment and sentence rendered in the District Court of Oklahoma County, State of Oklahoma, sentencing Petitioner to twenty five (25) years for the crime of Robbery with Firearms is invalid. Specifically, Petitioner alleges that he entered his plea of guilty because he feared the death penalty; that he was forced to plead guilty because of other charges pending against him; that he was not furnished a list of witnesses that would be called against him; that he was not represented by counsel at all stages of the proceedings; and that the evidence to be used against him was the fruit of illegal search and seizure.

The appearance docket in Case No. 30944, District Court, Oklahoma County, in which Petitioner was charged with Robbery with Firearms indicates that on the 7th of July, 1965, Petitioner, present with this attorney, Don Anderson, Public Defender, waived time for sentencing and was thereupon sentenced to twenty five (25) years in the penitentiary.

In the case of Dentis v. Page, Okl.Cr. App., 403 P.2d 911, this court held:

"The writ of habeas corpus may not be issued to correct alleged errors which are not of sufficient substance to deprive the court of jurisdiction to pronounce the particular judgment as such writ is not to be meant as substitute for an appeal."

This court has also held that where a habeas corpus Petitioner's claims that his plea of guilty was entered because had he proceeded to trial his confession and evidence obtained by illegal search and seizure would have been used against him does not present a case of denial of constitutional rights to Petitioner who, after counsel had been appointed for him, voluntarily entered a plea of guilty. Gates v. District Court of Payne County, Okl.Cr.App., 425 P.2d 1008.

In the instant case Petitioner's claim that he entered a plea of guilty because he feared a greater sentence and because it was agreed that other charges against him would be dismissed does not present a case of a forced plea of guilty which might render the judgment and sentence against him invalid. Petitioner's claim that evidence obtained through illegal search and seizure would have been used against him in a trial, and his claim that he was not presented with a list of witnesses against him, are questions which could have been raised on trial if Petitioner had proceeded on a plea of not guilty. However, these alleged errors are questions to be raised on appeal and do not support habeas corpus release where Petitioner, with counsel, voluntarily entered a plea of guilty. Furthermore, Petitioner's claim that he did not have counsel at all stages of the proceedings does not state a case of denial of representation of counsel since the record clearly indicates that he was represented by counsel in the District Court when he entered his plea of guilty.

The entire preliminary proceedings may be waived in trial court, and are waived, along with any error therein, by failure to file a motion to quash or set aside as provided by the statute before entering a plea on the merits. Parker v. State, Okl.Cr.App., 330 P.2d 1049.

Therefore, we find that Petitioner was represented by appointed counsel in the District Court where he voluntarily entered a plea of guilty, that the alleged errors are not of sufficient substance to deprive the court of jurisdiction to pronounce judgment, and that Petitioner has not alleged the denial of constitutional rights which would render the judgment and sentence void. Accordingly, the petition for writ of habeas corpus is hereby denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Pre-

siding Judge of this Court. The foregoing findings of fact and conclusions of law by the Referee were submitted to the Court and approved and adopted by the Court.