**Clifford Daniel TEDDER, Petitioner,**

**v.**

**The STATE of Oklahoma, Respondent.**

**No. A–14751.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1968.

Clifford Daniel Tedder, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondent.

MEMORANDUM OPINION

PER CURIAM.

This is an original proceeding in which Clifford Daniel Tedder has petitioned this Court for a writ of habeas corpus and/or post-conviction appeal in which he seeks an evidentiary hearing or a release from his judgment and sentence in the District Court of Tulsa County, Oklahoma, for life imprisonment on a plea of guilty to a charge of murder.

Petitioner, in support of his application to this Court, alleges that he underwent starvation, cruel and inhuman treatment which induced his plea of guilty, lack of effective counsel, and that perjured testimony was used against him at his preliminary hearing.

On May 2, 1967, the Petitioner with his attorney, Charles Pope, and the State represented by Assistant District Attorney Pat Williams, came before Judge Robert D. Simms in the District Court of Tulsa County, Oklahoma, and entered a plea of guilty. The sentencing Judge wisely and painstakingly questioned and advised the defendant in detail regarding his rights and the effect of his plea. Fortunately, we have been provided with a transcript of this hearing and as a result make the following findings: (1) Petitioner was represented

by counsel throughout the proceedings and he had fully discussed the case with his attorney. Petitioner further testified that he was satisfied with his representation by Mr. Pope. (2) Petitioner testified that he had not been threatened, coerced or offered anything which induced his plea. (3) Upon mentioning his loss of weight, Petitioner was questioned and stated that he was not "copping out" because of the food or starvation but because he desired to enter a plea of guilty. (4) We find that Petitioner was fully advised of his right to appeal. He was advised that he could appeal at State expense and have an attorney appointed to represent him on an appeal if such was necessary due to his indigency. Petitioner read in the presence of the Court and signed a waiver of appeal to this effect. Petitioner was further offered ten days during which time he could consider his right to appeal and file any papers that he desired. Petitioner again waived this right.

On the basis of the foregoing findings it is apparent that Petitioner has been denied no right which would support habeas corpus relief or a post-conviction appeal. Petitioner had totally failed to state or allege any facts which would sustain his burden and allow a grant of relief. Grubbs v. State, Okl.Cr.App., 397 P.2d 522. Where accused appears with counsel and competently and intelligently enters a plea of guilty, with full knowledge of the consequences of the plea, constitutional requirements have been fully complied with and an application for post-conviction appeal or habeas corpus will be denied. McCalip v. State, Okl.Cr.App., 430 P.2d 342. Accordingly, the motion of the Respondent to dismiss this cause must be sustained.

Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.