Matthew "Pete" WILLIAMS, Petitioner,

v.

STATE of Oklahoma et al., Respondents.

No. A–14728.

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1968.

L. G. Hawkins, Sapulpa, Jay D. Dalton, Edgar L. Barnes, Tulsa, for petitioner.

S. M. Fallis, Jr., Dist. Atty., Ben Baker, Patrick Williams and Ted Flanagan, Asst. Dist. Attys., for respondents.

PER CURIAM:

This is an original proceeding in which Matthew "Pete" Williams has petitioned this Court for a writ of habeas corpus seeking his release from confinement in the State Penitentiary where he is presently incarcerated by virtue of a judgment and sentence rendered against him in the District Court of Tulsa County, Oklahoma, Case No. 19653, upon a plea of guilty to the charge of murder on September 12, 1962. It is Petitioner's contention that the sentencing court was without jurisdiction to

enter judgment against him in that he was not represented by counsel from the moment of his arrest, not advised of his constitutional rights, coerced into making a statement or confession, represented by inadequate and hostile counsel, and had his plea of guilty entered without his consent or knowledge.

On the basis of Petitioner's application this Court ordered an evidentiary hearing to be conducted in the District Court of Tulsa County. On July 9, 1968, said evidentiary hearing was conducted before the Honorable Robert D. Simms, District Judge, with Petitioner present in person and represented by Mr. Jay D. Dalton, and Mr. Edgar L. Barnes, and the Respondent represented by Mr. Ben Baker and Mr. Patrick A. Williams.

Based upon the transcript of said evidentiary hearing, the findings of the Court thereon, and the transcript of the hearing conducted on September 12, 1962, at which time Petitioner entered his plea of guilty and was sentenced, we make the following findings:

(1) Petitioner was represented by appointed counsel when he was taken before the magistrate after his arrest.

(2) At the time of Petitioner's arraignment on September 4, 1962, he was in fact represented by counsel, Mr. Joe Roberts, the Public Defender at that time.

(3) Subsequently, Petitioner was represented by Mr. George Campbell, who filed a motion to suppress, and a motion to quash on September 11, 1962, and secured a continuance of Petitioner's preliminary hearing.

(4) On September 12, 1962, Petitioner represented by counsel, Mr. George Campbell and Mr. Dean Nichols, waived his preliminary hearing, entered a plea of guilty, and waived time for sentencing as is shown by the transcript of that proceeding.

(5) Before entering his plea attorney Campbell advised Petitioner of his right to a jury trial and the consequences of his guilty plea as is corroborated by Mr. Nichols.

(6) The record reflects that Petitioner himself acknowledged discussing the case with his attorney on two or three occasions.

(7) Petitioner was advised by the Court before entering his plea of his right to a jury trial and he thereupon affirmatively waived such right and freely and voluntarily entered his plea.

(8) Petitioner was advised by the Court as to the effect of his plea and the punishment thereon. Petitioner himself acknowledged that he had been informed of the effect of his plea prior to his appearance in Court.

(9) The Court advised Petitioner that he had forty-eight hours between the time he entered his plea and the imposition of sentence. This time was waived by Petitioner's counsel and the Court thereupon asked Petitioner personally if this was his desire which he affirmatively acknowledged.

(10) The Court advised Petitioner of his right to appeal the judgment and sentence. No intent or desire to appeal was indicated.

(11) The record indicates no evidence whatsoever of mistreatment or coercion while the Petitioner was in custody prior to entering his plea.

(12) The alleged coerced confession is immaterial in that it was never introduced in evidence against Petitioner.

(13) As a result of the evidentiary hearing it is apparent that Petitioner was represented by counsel and properly advised of his rights by the Court and his attorney and that he is not entitled to any post-conviction relief.

Subsequently, after the evidentiary hearing was concluded a new attorney, retained by relatives of Petitioner filed a motion for a continuance and a second evidentiary hearing on October 25, 1968. The second evidentiary hearing is sought for the following reasons: (1) The sentencing Court

should have advised Petitioner of the lesser included offenses, and, (2) That the Court in accepting Petitioner's plea afforded less admonishment in entering judgment and sentence than has been done in workmen's compensation cases regarding the effect of a plea. We find no merit to these contentions nor authorities in support thereof. The record and the transcript of the evidentiary hearing are more than sufficient to meet the challenges raised in Petitioner's application for a writ of habeas corpus. Accordingly, the motion for continuance and second evidentiary hearing is hereby overruled and denied.

As we have noticed there is not one scintilla of evidence in the record that Petitioner was coerced into giving a statement or confession. Nevertheless, since Petitioner with aid of counsel entered a plea of guilty and waived the right to a trial it' is apparent that his conviction is not based upon any allegedly coerced confession and the judgment cannot be challenged thereby. Sims v. Page (Okl.Cr., October 16, 1968), 446 P.2d 60.

The allegations raised by Petitioner in his petition are indeed serious. However, the record and the transcript of the hearing indicate that they are totally without foundation. This is further indicated by the fact that after the evidentiary hearing July 9, 1968, upon the Judge's suggestion, the district attorney charged Petitioner with perjury to which Petitioner plead guilty and received a five year sentence.

In McCalip v. State, Okl.Cr., 430 P.2d 342, this court held in its syllabus:

"When an accused appeared with counsel and competently and intelligently entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states, have been fully complied with, and application for post-conviction appeal or habeas corpus will be denied.

"Where the trial court has jurisdiction of the person, subject matter and authority under law to pronounce the judgment and sentence imposed, habeas corpus will be denied."

For the foregoing reasons the petition for writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.