**Robert HILL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16513.**

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1971.

Robert Hill, pro se.

Larry Derryberry, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Robert Hill, hereinafter referred to as defendant, has filed a pro se petition for a writ of habeas corpus which must be considered as an appeal from judgment denying post-conviction relief. 22 O.S.Supp. 1970, § 1087.

Defendant filed an application for post-conviction relief in the District Court of Custer County attaching his conviction in that court's Case No. CRF–69–7, for second degree burglary for which he is presently incarcerated in the state penitentiary. The District Court, Judge Charles M. Wilson, after reviewing the application and State's Motion for Summary Judgment, entered an Order Dismissing Application for Post-Conviction Relief with findings on August 21, 1970. We note the District Court's findings in relevant part:

"That the Defendant in his Application alleges that his conviction and sentence were in violation of his constitutional rights, for the reason that he was represented by inadequate and ineffective counsel who did not protect his right to be sentenced under the Oklahoma Indeterminate Sentence Act. The Court finds, as a matter of law, that the failure of the Court to inform the Defendant of the Indeterminate Sentence Act does not violate his constitutional rights. Cooper v. State, Okl.Cr., 415 P.2d 1009 (1966) and Hardway v. Page, Okl.Cr., 446 P.2d 72 (1968). The Court further finds

from the Record that the Defendant was represented by competent counsel at all stages of the proceedings in Open Court.

"The Defendant also alleges in his Application that he was never arraigned on the charge of Burglary In The Second Degree, for which he was convicted. The Court finds from the Record of Proceedings that the Defendant was properly arraigned on this charge and that the case had been set for Jury Trial. The day before said trial, the Defendant appeared before the Court with his Attorney, requested permission to withdraw his plea of Not Guilty and enter a Plea of Guilty. Pages 1 and 2 of the Record. The Court further finds that the Defendant has never asked permission of this Court to withdraw his plea of Guilty and did not raise the arraignment question until after he was sentended. The Court finds from the Record that the conviction and sentence of the Defendant in this case were not in violation of his constitutional rights.

"* * * The Court therefore finds from the State's Response and the pleadings that there is no genuine issue of material fact; that the Defendant is not entitled to post-conviction relief; that no purpose would be served by any further proceedings in this matter; and that the State of Oklahoma is entitled to judgment as a matter of law in accordance with 22 O.S.Supp.1970, Section 1083(c)."

Defendant does not allege any errors in the post-conviction proceeding in the District Court, nor does he contend that the District Court's findings were based on insufficient or incompetent evidence. We, therefore, concur in the findings of the District Court denying the application for post-conviction relief.

The only argument defendant makes in his application to this Court is that he was not properly arraigned on the burglary charge. We find no merit to this contention nor evidence in support thereof. The findings of the District Court on this point are conclusive. A plea of guilty competently and voluntarily entered waives all preliminary defects. Gates v. District Court, Okl.Cr., 425 P.2d 1008; Ledgerwood v. State, Okl.Cr., 455 P.2d 745; Williams v. State, Okl.Cr., 448 P.2d 292. Defendant makes no contention that his plea was involuntary or entered without understanding as to its effect. Accordingly, there is no basis for granting relief.

The judgment of the District Court denying application for post-conviction relief is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.