Jim GOODRIDGE, Petitioner,

v.

Clarence MILLS, Judge of the District Court of Oklahoma County, Oklahoma, Respondent.

No. A–17169.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1972.

Jim Goodridge, pro se, petitioner.

Larry Derryberry, Atty. Gen., for respondent.

## MEMORANDUM OPINION

SIMMS, Judge:

Petitioner has filed, pro se, a handwritten instrument together with an amendment thereto, which will be treated as a Writ of Habeas Corpus for Bail and an Application for Writ of Mandamus praying an order of this Court directing the trial judge to reinstate the appeal bond thereby securing petitioner's release.

Petitioner, on the 16th day of March, 1971, appeared in person and with competent legal counsel before the Honorable Clarence Mills, District Judge of Oklahoma County, and entered a plea of guilty to the crime of Obtaining a Thing of Value By Means and Use of a False and Bogus Check. Petitioner's sentence was deferred until the 15th day of March, 1973, under terms and conditions of probation imposed by Judge Mills.

It further appears from the records on file that an application to accelerate sentencing date of petitioner was filed by the District Attorney of Oklahoma County. On the 5th day of August, 1971, petitioner appeared in person, with competent counsel, before the Honorable Clarence Mills, and after a full and complete hearing, the trial court found the petitioner had violated the conditions of his deferred sentence and was, thereafter, sentenced to serve a term of Five (5) Years in the penitentiary.

Appeal Bond was fixed by the trial judge in the sum of $5,000.00, which bond was posted with the Clerk of Oklahoma County and petitioner released from the custody of the Sheriff of Oklahoma County. On the 25th day of October, 1971, the trial judge issued a warrant directing the Sheriff of Oklahoma County to arrest petitioner and bring him before the trial judge; which warrant was executed, defendant arrested, and transported to Oklahoma State Penitentiary at McAlester to serve the five year sentence. The trial judge, in issuing the warrant, made a finding that he had no authority to fix an appeal bond on a conviction upon a plea of guilty.

Title 22, O.S.1971, § 1051, abolished regular appeal from convictions had on pleas of guilty and substituted therefor appeal by way of certiorari. This section also provided that the petition for a writ of certiorari must be filed in the Court of Criminal Appeals within ninety (90) days from the date of the conviction. Petitioner failed to take a timely appeal by certiorari, and therefore, is not entitled to bail by reason of the following.

Recognizing that certiorari was petitioner's only available relief, petitioner's attention is directed to Title 22, O.S.1971, Ch. 18, App.Rule 3.10, which provides that:

"Whether or not a petitioner, who files for writ of certiorari, shall be entitled to bail pending this Court's decision, shall be at the discretion of the Court of Criminal Appeals; and petitioner shall not assert, as a matter of right, that he is entitled to bail during the pendency of his petition."

It therefore follows that following conviction on a plea of guilty where a sentence of imprisonment is involved, the trial court may not fix appeal bond. The granting of bail following a sentence of imprisonment is dependent upon a defendant's seeking appeal by petition for a writ of certiorari, and only then, he may be entitled to bail within the discretion of this Court.

Petitioner's application for bond, or in the alternative, to his application for writ of mandamus are denied.

BUSSEY, P. J., and BRETT, J., concur.