James D. GRIFFITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A—18115.

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1973.

Jon D. Douthitt, Jess B. Clanton, Jr., Claremore, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Rogers County, Case No. 2226, appellant, James D. Griffith, hereinafter referred to as defendant, on February 3, 1954, was convicted for the offense of Murder upon a plea of guilty. His punishment was fixed at life imprisonment. No appeal was taken to this Court from said judgment and sentence. On August 9, 1966, defendant submitted a petition for writ of error coram nobis and an application for writ of habeas corpus. In the case of Griffiths v. State, Okl.Cr., 426 P. 2d 384 (1967), defendant's coram nobis appeal was dismissed. In the case of Griffith v. Page, Okl.Cr., 436 P.2d 243 (1968), defendant's application for habeas corpus was also dismissed. On April 25, 1972, defendant filed an application in the District Court, Rogers County, requesting post-conviction relief. In an order dated February 21, 1973, the Court denied the relief requested. From that trial court's denial of post-conviction relief, defendant has perfected a timely appeal to this Court.

On February 7, 1973, the District Court, Rogers County, conducted an evidentiary hearing upon defendant's application for post-conviction relief. At that hearing, John Feagins, attorney for petitioner in the above mentioned coram nobis appeal, testified pursuant to his representation of defendant, he studied the entire court records pertaining to the instant conviction. The records from the justice of the peace court, apparently unavailable for introduction as evidence at the hearing, according to his file notes, revealed that defendant was not represented by counsel at his preliminary hearing. Further, he stated that defendant waived his preliminary hearing and according to that docket, counsel for his codefendants was present at the time this waiver was made. However, the records at preliminary hearing did not clearly indicate he was represented by counsel at that stage of the proceedings.

Elsie Wofford, Rogers County Court Clerk, identified State's Exhibit 1 as a copy of the District Court's Appearance Docket regarding the instant conviction. According to this docket, on February 3, 1954, the trial court appointed William E. Hammett to represent defendant at trial. The record reflects that on that same date, defendant entered a plea of guilty. On February 6, 1954, defendant, represented by counsel, appeared for sentencing. Pursuant to his plea of guilty, defendant was sentenced to life imprisonment. At the hearing, defendant's testimony indicated he understood the offense for which he was charged and the record also indicates he understood the nature and consequences of the plea. Additionally, it is noted the two codefendants charged conjointly with defendant, later entered pleas of guilty for the lesser included offense of Manslaughter in the First Degree.

Defendant testified basically establishing that at the time he entered his plea of guilty he was frightened for the reason he feared he would receive the death penalty for the instant offense. In substance, his testimony revealed he was convinced he could not get a fair trial for the offense for the reason of the tempo in the community and this fear and this fear alone prompted his plea of guilty. Defendant refused to deny committing the instant offense.

Defense counsel raises three propositions of error which will be considered in a different sequence than presented in his brief.

■ Defense counsel's third proposition alleges that the plea of guilty was a coerced plea of guilty as it was entered

only for the reason defendant feared he would receive the death penalty for this offense. It is this Court's opinion the record does not support the allegation that defendant's plea was a coerced plea of guilty. The fact that defendant testified that the only reason that he pled guilty was for the reason he feared the death penalty is not sufficient in itself to constitute coercion. A person charged with a capital offense has good reason to be frightened at the imposition of the consequences of such an act. However, this falls far short of the amount of proof necessary to sustain an allegation that he was coerced into a particular plea by persons known or unknown to him. In Sims v. Page, Okl.Cr., 446 P.2d 60 (1968) the petitioner alleged that he entered his plea of guilty for an offense of Armed Robbery because he feared the death penalty. The court in denying petitioner's claim stated as follows:

"A habeas corpus petitioner's claim that his plea of guilty was entered because if he had proceeded to trial he might have received maximum punishment and that he might have been prosecuted on other charges pending against him does not present a case of denial of constitutional rights where petitioner, after counsel had been appointed for him, voluntarily entered a plea of guilty."

For an analogous situation, see also Seibert v. State, Okl.Cr., 457 P.2d 790 (1969). We therefore find the record does not support the allegation that petitioner's plea of guilty was the product of coercion and was not a knowing and voluntary plea of guilty.

■ In defense counsel's first proposition, he alleges petitioner was denied due process of law in that the records are silent as to his representation by counsel at preliminary hearing. In Brown v. State, Okl.Cr., 405 P.2d 698 (1965), defense counsel complained his client's constitutional rights were not protected because he did not have counsel at his preliminary hear-

ing. This Court in affirming the conviction, held as follows:

"The law is well settled in Oklahoma on this, as stated in Ex parte Norris, 88 Okl.Cr. 450, 204 P.2d 291:

'Here the petitioner voluntarily entered his plea of guilty to the information with the advice and aid of counsel without ever challenging the information by motion to quash or set aside the information. We are of the opinion that he waived any right to question the preliminary proceedings or any irregularity therein by entering his plea of guilty.' "

As we have heretofore mentioned, the record is insufficient to show petitioner did not enter a free and voluntary plea of guilty. For this reason, it is this Court's opinion that petitioner waived his objection to the silence in the record regarding his representation by counsel at preliminary hearing. We therefore find this proposition to be without merit.

■ In defense counsel's second proposition it is argued that since the record is silent regarding defendant's representation at preliminary hearing, this Court should modify the judgment and sentence. At the time defendant was convicted the offense of murder was punishable by life imprisonment or death. Life imprisonment is the minimum punishment for his offense. Since this Court has no authority to modify a punishment to a term less than the minimum provided by law the requested modification is denied.

The District Court's order denying postconviction relief is hereby affirmed.

BRETT, Judge (dissenting).

I respectfully dissent to this decision. I believe the law announced by this Court in 1926, in the case of Sutton v. State, 35 Okl.Cr. 263, 250 P. 930 (1926), is more applicable to the instant matter than is Brown v. State, supra, cited in the majority opinion. The court minute in the instant case reflects that defendant's attorney was appointed for him just before

noon on February 3, 1954, and at 1:30 p. m. the plea of guilty was entered. It is also apparent that the co-defendants, after considerable plea bargaining, were permitted to enter pleas of guilty to the charge of manslaughter in lieu of murder. As I view this matter, it does not reach the level of justice discussed in the *Sutton* case, supra; therefore, I dissent.

BUSSEY, J., concurs.

BRETT, J., dissents.