2009 OK CIV APP 76

Bobby **BURGHART**, Plaintiff/Appellant,

v.

**CORRECTIONS CORPORATION OF AMERICA**, Cimarron Correctional Facility, Charles Ray, Danny Horton, John Welch, John Middleton, H.B. Fields, Linda Jester, Linitia Gillespie, Correctional Officer Bogart and Robin Roof, Defendants/Appellees.

No. 106,534.

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 1, 2009.

Bobby Burghart, Pro Se, Cushing, OK, for Plaintiff/Appellant.

Darrell L. Moore, Julie N. Neftzger, Pryor, OK, for Defendants/Appellees.

JOHN F. FISCHER, Judge.

¶ 1 Bobby Burghart (Burghart) appeals the district court decision dismissing his suit against Corrections Corporation of America, (CCA), the Cimarron Correctional Facility, and nine CCA employees. Burghart also appeals the district court's denial of his motion to reconsider that dismissal.

## BACKGROUND

¶ 2 At all relevant times, Burghart was incarcerated at the Cimarron Correctional Facility in Cushing, Oklahoma. On July 3, 2008, Burghart filed a petition in the District Court of Payne County alleging that CCA and its named employees had violated Burghart's constitutional rights, including his rights pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Unite States Constitution and Sections Two, Three, Seven, Nine and Twenty–Two of the Oklahoma Constitution.[1]

¶ 3 Burghart requested: (1) a declaratory judgment determining that the alleged acts

---

**1.** Burghart did not identify which Article(s) of the Oklahoma Constitution support his claims. However, by context, it appears that these claims were brought pursuant to Article II.

and practices of CCA and its employees violated his constitutional rights; (2) injunctive relief restraining the alleged constitutional violations, and restraining CCA and its employees from retaliation against Burghart for filing suit; and (3) compensatory and punitive damages against CCA and nine of its employees for injury resulting from the alleged constitutional violations. Burghart stated in his petition that he had previously exhausted all available administrative remedies before filing suit, but did not attach documentation of any prior administrative process.

¶ 4 On September 3, 2008, CCA filed a Motion to Dismiss, alleging numerous statutory deficiencies in Burghart's petition, including a failure to demonstrate the required exhaustion of administrative remedies. On September 5, 2008, Burghart filed a Motion for Extension of Time to respond both to CCA's Motion to Dismiss, and to a report submitted by the Cimarron Correctional Facility. Burghart stated that he had been unable to immediately attach copies of his administrative complaints and official responses because had been denied the opportunity to make copies of these documents.

¶ 5 On September 10, 2008, the district court dismissed Burghart's petition without prejudice, stating that "plaintiff has not exhausted his administrative remedies." The district court then denied Burghart's Motion for Extension of Time as moot. On September 15, 2008, Burghart filed a Motion to Reconsider, arguing that he had been previously unable to attach copies of his administrative record because he had been denied copying privileges by Department of Corrections officials. Burghart informed the district court that, at the time he filed his petition, he possessed only single copies of his grievance filings and responses, but was concerned that if he submitted these they might be removed from his mail by CCA employees, or lost. Burghart further stated that he had since obtained copies of these documents, and asked leave to submit them to the district court.

¶ 6 On September 23, 2008, Burghart filed a supplement to his motion to reconsider, attaching what appear to be copies of his administrative complaints and the official responses. The district court denied Burghart's motion to reconsider. Burghart appeals both the dismissal of his suit and the denial of his motion to reconsider.

## STANDARD OF REVIEW

¶ 7 Although "motions to reconsider" are not technically authorized by Oklahoma procedural law, *McMillian v. Holcomb*, 1995 OK 117, n. 3, 907 P.2d 1034, 1036 n. 3, the court is required to treat a motion as the substance of the motion dictates regardless of the name assigned by the parties. *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, ¶ 4, 681 P.2d 757, 758–59. ("A motion seeking reconsideration, re-examination, rehearing or vacation of a judgment or final order, which is filed within 10 days of the day such decision was rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title"). We treat Burghart's motion to reconsider as a motion for new trial. A motion for new trial is reviewed pursuant to an abuse of discretion standard. *Dominion Bank of Middle Tenn. v. Masterson*, 1996 OK 99, ¶ 16, 928 P.2d 291, 294. Appellate review of a motion to dismiss involves a de novo consideration as to whether the petition is legally sufficient. *Indiana Nat'l Bank v. Dep't of Human Servs.*, 1994 OK 98, ¶ 2, 880 P.2d 371, 375.

## DISCUSSION

¶ 8 First, we note that Burghart appears pro se. In certain cases, pro se pleadings have been analyzed pursuant to less stringent interpretative standards than those applied to pleadings drafted by lawyers. As the Tenth Circuit has described the court's responsibility in this regard, "[i]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

¶ 9 This liberal construction of pro se pleadings does not, however, require the

court to act as the pro se party's advocate. *Cardoso v. Calbone,* 490 F.3d 1194, 1197 (10th Cir.2007) And, regardless of the analysis applied to the substance of the pro se pleading, pro se litigants are required to meet the same procedural standards, evidentiary rules and burdens of proof as represented parties. *Funnell v. Jones,* 1985 OK 73, ¶ 4, 737 P.2d 105, 107 ("the fact that these lawsuits and their subsequent appeals were conducted pro se does not, in any way relieve Plaintiffs/Appellants of the responsibility to conform their actions to the rules of pleadings, evidence or appellate practice"). Nonetheless, a more lenient pleading standard for pro se litigants is consistent with the Oklahoma Supreme Court's focus on the substance of a filing exemplified by *Horizons, Inc.,* 1984 OK 24, ¶ 4, 681 P.2d 757, 758–59.

¶ 10 We find no Oklahoma Supreme Court decision that specifically adopts the *Hall* rule for pro se pleadings filed in Oklahoma courts, but also find no basis in our jurisprudence to conclude the same rule does not apply.[2] First, to the extent that the rule in *Hall,* as applied to prisoners, is derived from federal Constitutional principles, it is binding on the courts of this State. Okla. Const. art. I, § 1; *See also Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). ("We cannot say with assurance that under the allegations of the pro se complaint [concerning denial of due process and adequate medical treatment], which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' "); *Prock v. District Court of Pittsburg. Co.,* 1981 OK 41, 630 P.2d 772 (holding state prisoner's Constitutional claims are cognizable in the courts of this State). Second, to the extent the *Hall* rule is a procedural rule derived from the Federal Rules of Civil Procedure, federal cases interpreting those rules are instructive because the Oklahoma Pleading Code is patterned after the Federal Rules. *Mehdipour v. State ex rel. Dep't. of Corrs.,* 2004 OK 19, ¶ 18, 90

P.3d 546, 553; *Phillips v. Williams,* 1980 OK 25, ¶ 10, 608 P.2d 1131, 1135. Third, the Oklahoma Pleading Code is to be interpreted to "secure the just, speedy, and inexpensive determination of every action," 12 O.S.2001 § 2001, and pleadings "shall be so construed as to do substantial justice," 12 O.S.2001 § 2008(F). Fourth, without articulating a particular rule, Oklahoma courts have followed this practice in the past. *See e.g. Goodridge v. Mills,* 1972 OK CR 61, ¶ 1, 494 P.2d 665; *Hill v. State,* 1971 OK CR 329, ¶ 1, 488 P.2d 950.

### I. Jurisdiction over Burghart's Tort Claims

 ¶ 11 Jurisdiction is a fundamental question in every case and this Court is required to "inquire into its own jurisdiction and the jurisdiction of the court below [from which] the case came by appeal." *Broadway Clinic v. Liberty Mut. Ins. Co.,* 2006 OK 29, ¶ 25, 139 P.3d 873, 880; *United Airlines v. State Bd. of Equalization,* 1990 OK 29, ¶ 7, 789 P.2d 1305, 1307. This duty exists whether or not the issue of jurisdiction is raised by the parties. *Id.*

 ¶ 12 We find on the basis of this record that the district court had no jurisdiction over the tort claims asserted in Burghart's initial suit and properly dismissed the same. Pursuant to 57 O.S. Supp.2006 § 566.4(B)(2): "No tort action or civil claim may be filed against any employee, agent, or servant of the state, the Department of Corrections, private correctional company, or any county jail or any city jail alleging acts related to the duties of the employee, agent or servant, until all of the notice provisions of the Governmental Tort Claims Act have been fully complied with by the claimant." Consequently, Burghart was required to notify the state of his potential claim: "Any person having a claim against the state or a political subdivision within the scope of [the GTCA] shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages." 51 O.S.

---

2. *See Wirtz v. Glanz,* in which the court noted, "[Courts are] required to liberally construe pleadings filed by pro se litigants in determining whether they state a claim." 1996 OK CIV APP

125, ¶ 3, 932 P.2d 540, 541 (*disapproved of on other grounds, Pellegrino v. State ex rel. Cameron Univ. ex rel. Bd. of Regents of State,* 2003 OK 2, 63 P.3d 535).

Supp.2006 § 156(A). Further, "[n]o action for any cause arising under [the GTCA] shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section." 51 O.S. Supp.2006 § 157(B).

¶ 13 The notice required by the GTCA was a mandatory prerequisite to Burghart's filing of his claim for tort damages. The record before us does not show that Burghart has complied with the notice provisions of the GTCA, nor does Burghart allege that he has complied. We therefore find that the district court was without jurisdiction to hear the portion of Burghart's case seeking tort damages against CCA and its employees, and affirm the district court's dismissal of that portion of Burghart's suit.

## II. Dismissal of Burghart's Remaining Claims

¶ 14 With respect to Burghart's remaining claims, the statutory requirements are clear; a prisoner is required to exhaust administrative remedies, and file evidence of such exhaustion before a court may consider his petition. Title 57 O.S. Supp.2007 § 566.5 requires full and complete exhaustion of all administrative and statutory remedies on all potential claims against CCA and its employees as a jurisdictional requirement prior to the filing of any pleadings. Title 12 O.S. Supp.2004 § 2003.1(B)(9) requires that a prisoner's petition contain a "statement of prior judicial and administrative relief sought, copies of which shall be attached to the petition." Section 2003.1(B)(9) further requires that a noncomplying petition "may not proceed," and should be returned to the inmate with a copy of the controlling statute.

¶ 15 Burghart's petition failed to satisfy these requirements and was properly dismissed. However, Burghart's motion for new trial sought to remedy these defects. Burghart offered a facially plausible reason for his initial failure to comply with section 2003.1(D). Further, his supplement to that motion contained almost 200 pages of admin-

istrative material that may have corrected the deficiencies of his petition. Consequently, when Burghart's motion to reconsider was denied, the record contained evidence purporting to show that Burghart had exhausted available administrative remedies.

¶ 16 CCA has not directly challenged the adequacy of this supplemental material to demonstrate that Burghart has now satisfied the exhaustion requirement, at least with respect to some of Burghart's claims. CCA does argue that Burghart is free to start the process over again and file a new suit. However, to the extent this alternative would require Burghart to re-copy two hundred pages of administrative record, re-issue ten or more summonses and re-file approximately eighty pages of material already on file, we do not find that it would serve the Oklahoma Pleading Code's purpose to obtain a "just, speedy, and inexpensive determination of every action." [3] Nor would it promote judicial economy and the determination of issues on the merit of the claim. *See Nelson v. Nelson*, 1998 OK 10, ¶ 23, 954 P.2d 1219, 1228. Finally, if Burghart has satisfied the exhaustion requirement, his petition appears legally sufficient to state a claim and could not be dismissed without further consideration. However, we make no determination regarding the merits of any claim properly asserted by Burghart.

## CONCLUSION

¶ 17 The district court properly dismissed Burghart's tort claims because the record does not show that he complied with the jurisdictional provisions of the GTCA before filing his suit. The district court's order denying his motion for new trial on the remaining matters is vacated. We make no determination as to whether Burghart has exhausted his administrative remedies with respect to the remainder of his claims, and remand that portion of his suit for consideration of the exhaustion issue, with the benefit of the materials submitted by Burghart as well as any additional material or argument

**3.** The record does not reflect that Burghart's original filings, including his supplementary material filed with his motion for new trial, were returned with the dismissal of his petition and the denial of his motion.

from any party regarding the exhaustion issue that the district finds appropriate.

¶18 AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

GABBARD, P.J., and RAPP, J., concur.